### 41747.   GARRISON v. PIATT.

PANNELL, Judge.   1.   While, under the law as it stood prior to the adoption of the Commercial Code, a party sued upon a parol contract for the sale of goods within the statute of frauds (*Code* § 20-401 (7)) could admit the contract and at the same time insist upon the benefit of the statute (*Hollingshead v. McKenzie,* 8 Ga. 457; *Douglass v. Bunn,* 110 Ga. 165, 35 SE 339; *Mendel v. Miller & Sons,* 134 Ga. 610 (1), 68 SE 430); yet, since the adoption of the Uniform Commercial Code (Ga. L. 1962, p. 156 et seq.) such a contract, if otherwise valid, is enforceable "if the party against whom enforcement is sought admits in his pleadings, testimony or otherwise in court that a contract for sale was made,  . ." as to the quantity of the goods admitted.  *Code* § 109A-2—201 (3) (b).  Under the statute as it now stands, as to the sale of goods of the value of $500 or more, the party charged cannot admit the fact of the contract in the manner provided and at the same time claim the benefit of the statute of frauds.  It is the intent of this change in the statute of frauds, that if, after the petition or cross action is filed, the person charged admits the contract in the case thus pending, the statute of frauds as a defense shall not be available to the party charged; but on the contrary the case thus made shall be determined on the merits without reference to the statute of frauds.  This provision was designed to prevent the statute of frauds itself from becoming an aid to fraud, by prohibiting one claiming the benefit of the statute who admits in the case the oral contract sued upon.  Since a contract, which is within the statute at the time of filing the petition or cross action, can become enforceable by admissions *only* in the case itself by the party charged, rather than admissions made outside the case prior to the filing of the petition or cross action,— it would, therefore, be contrary to the intention and purpose of the statutory change to permit the sustaining of a demurrer to a petition or cross action upon such a contract based on the ground that such petition or cross action shows

upon its face that the contract is within the statute of frauds when it may become enforceable by acts occurring after the petition or cross action is filed. If a demurrer on this ground should be sustained to the petition, the plaintiff is denied his opportunity of determining on a trial whether the making of the contract would be admitted and thus made enforceable for the first time. By these changes in the statute of frauds, it is clearly the intent of the legislature that the enforceability of a contract, which on its face may be within the statute, is tested by the answer, testimony or plea of the party charged, and not merely by the allegations in the petition or cross action brought to enforce the contract. It follows, therefore, that a petition upon such a contract which is valid in other respects is not demurrable because it shows on its face that it is within the statute of frauds; this for the reason that the demurrer admits the facts pleaded (for the purpose of the demurrer only) and the demurrer, thus admitting the contract, is ineffective to set up the benefit of the statute of frauds.

2. Upon application of the above ruling to the present case, a suit upon an oral contract for the purchase of a house trailer for a sum in excess of $500, it must be held that the trial court erred in sustaining the general demurrer to the petition on the ground that no cause of action was set forth, and the demurrer to the petition on the ground that the petition showed on its face that the contract sued upon was within the statute of frauds.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

ARGUED JANUARY 4, 1966—DECIDED JANUARY 20, 1966—REHEARING DENIED FEBRUARY 4, 1966-

*Candler, Cox, McClain & Andrews, E. Lewis Hansen, Orville Bracey,* for appellant.

*Tarleton & Zion, William H. Barham, Marvin H. Zion,* for appellee.