## 64007. BUILDER'S SUPPLY CORPORATION v. TAYLOR et al.

POPE, Judge.

Plaintiff Builder's Supply Corporation brought this action against defendants C. G. Taylor, Leon B. Spears, Jr. and W. E. Stewart, seeking recovery upon a contract of guaranty executed by each defendant individually. The trial court, "having considered all of the evidence submitted by plaintiff," directed a verdict in favor of defendants. The trial court based its decision on the fact that "the name of the principal debtor to whom plaintiff extended credit was entirely omitted from the contract of guaranty which plaintiff sought to enforce against these defendants, and . . . that said contract of guaranty has no validity because of the said omission of the name of the principal debtor. . . ." The issue presented for resolution by this appeal is whether parol evidence is admissible to prove the identity of the principal debtor, said identity not having been provided by the subject written agreement.[1]

---

[1] Since the trial court based its decision in this case solely on a question of law (see Code Ann. § 20-701) and not of fact, this court can pass on the issue presented by this appeal notwithstanding the absence of a transcript of the evidence presented at trial. Cf. *Brown v. Capitol Fish Co.,* 159 Ga. App. 45 (282 SE2d 694) (1981).

Plaintiff contends that the omission of the principal debtor's identity from the contract of guaranty was a mere scrivener's error, an obvious mistake for which parol evidence is admissible to prove the complete agreement between the parties. Indeed, the subject agreement is manifestly intended to indemnify plaintiff from loss, but it fails to state the entity against whose losses plaintiff is to be indemnified. Except for the omission of the identity of the principal debtor, the contract of guaranty is complete and unambiguous. Defendants admit in their brief on appeal to having signed the agreement.

As a general rule, if a writing does not purport to be the entire agreement between the parties (as is the situation in this case), parol evidence is admissible to prove other portions thereof not inconsistent with the writing. *Jones v. Ely,* 95 Ga. App. 4 (5) (96 SE2d 536) (1957); Code Ann. § 38-504. However, as a contract of guaranty, the subject agreement was required to have been entirely in writing under the Statute of Frauds, Code Ann. § 20-401 (2). *Lewis v. Dan Vaden Chevrolet,* 142 Ga. App. 725 (236 SE2d 866) (1977). Thus, the provisions of Code Ann. § 38-504 do not apply in the case at bar. *Douglass v. Bunn,* 110 Ga. 159 (35 SE 339) (1900). Compare *Garrison v. Piatt,* 113 Ga. App. 94 (1) (147 SE2d 374) (1966), and Code Ann. § 109A-3—416, relating to contracts governed by the Uniform Commercial Code.

Although we are cognizant of some foreign authority to the contrary (see Annot. 33 ALR2d 960, §§ 8 and 14; 38 AmJur2d, Guaranty, § 124), we find the rationale in *Douglass v. Bunn,* supra, to be dispositive of the issue in this case. In that case Douglass executed a written agreement by which he bound himself to convey to J. R. and T. Bunn " 'four lots of timber, more or less' " for a named consideration to be paid thereafter. Our Supreme Court held that the foregoing agreement, "for want of description," did not satisfy the Statute of Frauds and was thus unenforceable. "While parol evidence may be admitted to explain ambiguities in the description, it can not be admitted to supply a description which is entirely wanting in the writing." Id. at 159. In the case at bar, as in *Douglass v. Bunn,* there is no ambiguity in the description of the subject matter of the agreement (here the principal debtor); it is simply not described. Compare *Stevens v. Stevens,* 227 Ga. 410 (3a) (181 SE2d 34) (1971). Thus, the trial court did not err in finding the contract of guaranty in this case to be unenforceable and in directing a verdict in favor of defendants.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 26, 1982.

*Joseph H. Ferrier,* for appellant.
*W. Eugene Caldwell,* for appellees.