## 40590. BAKER v. JELLIBEANS, INC.

HILL, Chief Justice.

In this suit for specific performance of an option to purchase realty, the trial court granted specific performance to the plaintiff-purchaser, Jellibeans, Inc. The defendant-seller, James G. Baker, appeals.

In August, 1979, Jellibeans agreed to purchase three adjacent lots, known as 3833, 3847, and 3861 Roswell Road in Atlanta, from Baker for $900,000. Their agreement consisted of three documents: (1) a purchase agreement involving the immediate transfer of lots 3833 and 3847 for the sum of $725,000, financed by a promissory note, secured by a deed of trust, at 10% interest, to be paid in 91 equal monthly installments of $11,397.71 each;[1] (2) an option to purchase lot 3861 to be exercised no later than August 15, 1982, for $175,000, to be paid by $25,000 cash at closing, with the remaining balance financed by a promissory note, secured by a deed of trust, at 10% interest, to be paid in 55 equal monthly installments of $3,411.02; and (3) a lease agreement for a term ending at the execution of the option, on part of lot 3861 for parking so that lots 3833 and 3847 would comply with applicable zoning regulations concerning parking.

On August 12, 1982, Jellibeans notified Baker of its intention to exercise the option on lot 3861 by a letter, receipt of which was acknowledged by Baker. Closing was set for September 1, 1982, but on August 21, 1982, Jellibeans learned that Baker would not attend. When Jellibeans discovered that Baker was attempting to sell lot 3861, this suit for specific performance was filed. The trial court entered summary judgment in favor of Jellibeans. Baker appeals, urging numerous defects in the option, primarily that it is too vague and indefinite to be specifically enforced.

1. We start from this premise: People should do what they say they will do; and the law will require competent adults to do what they voluntarily promise to do (or pay damages for the breach) where there is consideration for the promise, unless some other rule of law prevents the performance of that which has been promised. Pursuant to this premise, it has been found that where part of a contract has been performed by the parties, it is inequitable for the remainder not to be performed. *Scott v. Lester,* 242 Ga. 730, 732 (251 SE2d 257) (1978). Similarly, where one contract has been performed or sub-

---

[1] In the purchase agreement, Baker also agreed to discharge a promissory note and deed of trust dated November 20, 1975, on these 3 lots to Atlanta Federal Savings and Loan Association consisting of 91 payments of $7,450 per month.

stantially performed by the parties, it would be inequitable for a second contract, on which the first contract was dependent, not to be performed.

In this case the purchase agreement, option and lease were all executed simultaneously on August 8, 1979. While they are similar in many respects, the agreements do not refer to each other. In fact, the option contains a clause stating: "This Agreement contains the entire understanding of the parties hereto with respect to the transactions contemplated hereby."

Relying on this clause and the fact that the agreements are not cross-referenced, Baker argues that the option must stand on its own merits, without considering the other two agreements, and that the option is too vague and indefinite to be enforceable. We do not agree. OCGA § 24-6-3 (a) (Code Ann. § 38-502) emphatically states: "All contemporaneous writings shall be admissible to explain each other." Thus, there is no merit to Baker's contention that the other agreements cannot be considered to establish the terms of the option.

Nor does Baker's reliance on the "entire agreement" clause in the option command a different result. OCGA § 24-6-3 (b) (Code Ann. § 38-502) also provides: "Parol evidence shall be admissible to explain all ambiguities, both latent and patent." This is so despite an "entire agreement" clause in the contract. *Wood v. Phoenix Ins. Co.,* 199 Ga. 461, 469 (34 SE2d 688) (1945). Contemporaneous written agreements are perhaps one of the surest ways to establish the intent of the parties in entering into each of those agreements. Insofar as Baker argues that the purchase agreement should not be considered because it concerns other lots, we are unpersuaded. It is clear that all three contracts encompass an overall agreement for the sale of three contiguous lots, and together constitute the subject of the whole agreement between the parties.

*Williams v. Bell,* 126 Ga. App. 432, 435 (190 SE2d 818) (1972), cited by Baker, is inapposite because there the land purchase agreement did not contain plans or specifications for the construction of a house on the lot being sold. Under the parol evidence rule, such evidence is inadmissible to add to, take from, or vary a written contract, OCGA § 13-2-2 (1) (Code Ann. § 20-704), but parol evidence is admissible to explain ambiguities and to aid in the construction of contracts. *Kellos v. Parker-Sharpe, Inc.,* 245 Ga. 130, 132 (263 SE2d 138) (1980).

Baker also argues, however, that the option is unenforceable because it fails as a complete memorandum to satisfy the requirements of the Statute of Frauds. Baker correctly states that the option is subject to the provisions of the Statute of Frauds. OCGA § 13-5-30 (Code Ann. § 20-401) provides: "To make the following

obligations binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him: . . . (4) Any contract for sale of land, or any interest in, or concerning lands; . . ." He incorrectly assumes, however, that the whole agreement must be contained in the one signed writing sought to be enforced. See *North &c. v. Mendel,* 73 Ga. 400 (2) (1884); *Turner v. Lorillard Co.,* 100 Ga. 645, 650 (28 SE 383) (1897). Without deciding whether the option alone satisfies the statute, or whether there has been sufficient performance of the entire agreement to take this case out of the statute, we find that as long as all the necessary terms are contained in signed contemporaneous writings, the statutory requirements and purpose of the Statute of Frauds have been met, whether or not the writings are cross-referenced. In *North &c. v. Mendel,* supra, the other writing relied upon was not signed, and in *Turner v. Lorillard Co.,* supra, the writings were not contemporaneous. Here, the writings are contemporaneous and signed and the requirements of the Statute of Frauds are satisfied thereby.

Having determined that all three arguments are to be considered together, we can now proceed to some of the challenges made by Baker. He contends that the "Deed of Trust" referred to in the option is not identifiable. The purchase agreement requires Baker to discharge a certain "Deed of Trust" dated November 20, 1975, given by Baker to Atlanta (now Georgia) Federal Savings and Loan Association and recorded in Fulton County Deed Book 6382 at page 396. That "Deed of Trust" is in fact a deed to secure debt. The purchase agreement provides that the "Deed of Trust" to Atlanta Federal and the underlying promissory note shall be referred to collectively as the "Existing Deed of Trust." The purchase agreement also required Jellibeans to execute and deliver a "Deed of Trust" to Baker. At the closing on lots 3833 and 3847, Jellibeans executed and delivered a deed to secure debt. Having accepted from Jellibeans a security deed and payments thereunder for over three years pursuant to the "Deed of Trust" referred to in the purchase agreement, which in fact is a deed to secure debt, Baker cannot insist upon the parol evidence rule or the Statute of Frauds to prevent the court from ascertaining what the parties declared they meant when they referred to a "Deed of Trust" in the option. It is entirely clear that they meant a deed to secure debt with the same terms and conditions as the one given by Jellibeans on lots 3833 and 3847.

2. Baker contends that summary judgment should have been denied because there were genuine issues as to material facts, to wit: the value of the property. In order to obtain specific performance of a contract for the sale of land, the purchaser must prove the value of the

property so as to enable the court to determine that the contract price is fair, just and not against good conscience. *Moody v. Mendenhall,* 238 Ga. 689, 692-693 (234 SE2d 905) (1977).

Before selling these three parcels to Jellibeans, Baker sought to sell them through a real estate broker at a price of $900,000. After the broker was unable to sell the property, Jellibeans agreed to pay the asking price. The broker, by affidavit, stated that in his opinion the sales price was fair. Baker contends that a genuine issue of material fact was created by his own affidavit that he had dealt in real estate for many years and that the property, which he agreed to sell for $900,000 in 1979, was worth up to $1,500,000 at that time. We hold that, in a suit for specific performance of a contract for the sale of real estate, the seller cannot create a genuine issue of material fact by his own affidavit as to the value of the property.

Baker also contends that in these days of fluctuating land values, giving an option has all the elements of a gambling contract. We decline the invitation to declare options for the sale of real property void as being gambling contracts. See OCGA § 13-8-3 (Code Ann. § 20-505). Landowners who do not wish to sell their property should not contract to do so.

We have reviewed the remaining contentions of the seller and find them to be without merit. Summary judgment therefore was properly granted in favor of Jellibeans by the trial court.

*Judgment affirmed. All the Justices concur, except Smith and Gregory, JJ., who concur in the judgment only.*

DECIDED APRIL 18, 1984.

*George A. Pindar, James H. Neal,* for appellant.
*Nicholas C. Moraitakis, Eve A. Appelbaum, Marshall E. Siegel,* for appellee.