70821. MURRAY v. PRATT-DUDLEY BUILDERS SUPPLY COMPANY.
(335 SE2d 443)

DEEN, Presiding Judge.

Herman C. Murray, president of Shelters Company, Inc. (Shelters), signed a letter of personal guaranty on November 11, 1980. Under the terms of the guaranty, he agreed to be personally responsible for the debts of Shelters, a Georgia corporation of which he was the sole shareholder and president, to an unnamed creditor. (The space on the form for the creditor's name to be inserted was left blank.) The appellee, Pratt Dudley Building Supply Company (Pratt-

Dudley), claims to be the creditor in whose favor the guaranty letter was executed. It brought suit against Murray seeking enforcement of the letter of guaranty, contending Shelters was indebted to it in the amount of $14,339.71 plus interest on an open account, and that Shelters had filed a bankruptcy petition under Chapter 11 of the Bankruptcy Act.

The deposition of Murray shows that Shelters, which is in the home construction business, opened an account with Pratt-Dudley in 1980. Murray admits that in connection with that account he was asked by Pratt-Dudley to execute a letter of guaranty in favor of Shelters. He admits that he remembers signing such a form, that his signature on the letter of guaranty attached to the complaint is genuine, that the letter was executed to assure payment to Pratt-Dudley of the debts of Shelters, and that he executed only one letter of guaranty. In his amended answer, appellant asserted the statute of frauds as an affirmative defense. He brings this appeal from the grant of summary judgment in favor of Pratt-Dudley. *Held*:

While appellant admits that his signature appears on the document in question and that he signed some form of personal guaranty for the appellee, he claims that it is unenforceable because it contains no reference to the appellee or means to identify appellee as a party to the agreement, and that he was unable to assert with certainty that the document in question was the one he signed for the appellee. This line of reasoning is patently absurd in light of his admission of the genuineness of the signature and his statement that he signed only one letter of guaranty. Pratt-Dudley maintains that it has had sole possession of the letter since it was delivered by appellant in 1980, and that there is simply no possibility there has been a misidentification of the letter.

A personal letter of guaranty is subject to the statute of frauds. OCGA § 13-5-30. The sole question is whether the writing in question is sufficient to satisfy its requirements or whether the agreement is outside the statute. As noted in *Oglesby Grocery Co. v. Williams Mfg. Co.*, 112 Ga. 359 (37 SE 372) (1900); the statute contains no express requirement that both parties be named or described in the writing, but such is the effect because the promise is required to be in writing. "Writings relied upon to take a transaction out of the statute of frauds must be complete in themselves, and must contain the entire agreement, and must disclose the subject-matter, the parties thereto, and all the terms of the undertaking." *Campbell Tile &c. Co. v. Lynch Enterprise*, 45 Ga. App. 555, 570 (165 SE 457) (1932).

This court recently decided *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127 (296 SE2d 417) (1982), which at first glance appears to be similar to the instant case in that the principal debtor's name was omitted from the letter of guaranty. The court held that parol

evidence was not admissible to prove the identity of the principal debtor to whom the plaintiff had extended credit. In the instant case, however, the party seeking to enforce the guaranty does not seek to admit the evidence of anyone except the party who signed the agreement, who freely admits that he signed a letter of guaranty in favor of the appellee, that the signature on the document is genuine, that he intended to guarantee the debts of his corporation, and that his corporation received building materials from Pratt-Dudley. Thus the harm sought to be prevented by the statute of frauds simply does not exist, and we find that appellant is estopped to assert the statute of frauds defense.

Inasmuch as the defense is "patently absurd," we impose 10 percent damages as the appeal is frivolous. OCGA § 5-6-6. *Prattes v. Southeast Ceramics*, 132 Ga. App. 584, 586 (208 SE2d 600) (1974).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 10, 1985 —
REHEARING DENIED SEPTEMBER 26, 1985 —

*James D. Walker, Jr.*, for appellant.
*John I. Harper, W. Allen Evans*, for appellee.