## A89A2000. WELDON v. DEL TACO CORPORATION.
(390 SE2d 87)

DEEN, Presiding Judge.

Appellant Weldon, a 200-lb. Avon salesperson, received injuries to the left side of her body when the chair she was occupying in a restaurant operated by appellee Del Taco Corporation (Del Taco) slipped out from beneath her and dropped her to the floor. She brought a negligence action against the defendant corporation, seeking damages for medical expenses, lost income, and pain and suffering. The trial court granted Del Taco's motion for summary judgment, and Ms. Weldon appeals, alleging that the trial court erred in failing to take into account questions of fact regarding (1) whether Del Taco exercised reasonable care in maintaining the chair, (2) whether the chair's design and construction were such as to render it unstable, and (3) whether Del Taco exercised reasonable care to maintain the tile floor in a safe condition. *Held*:

We have examined the entire record of the instant case, including the affidavits and depositions of appellant and of two eyewitnesses to the incident, and are persuaded that appellee has successfully carried its burden of piercing appellant's allegations, negating at least one essential element of her case, and thereby establishing that no genuine issues of material fact remain in the case. OCGA § 9-11-56 (c). *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d 38) (1983). While it is true that issues of negligence, diligence, and ordinary care are usually for resolution by a jury rather than for summary judgment, in "plain and palpable" cases summary adjudication is entirely proper. *Malvarez v. Ga. Power Co.*, 166 Ga. App. 498 (304 SE2d 542) (1983). This is such a case: according to the deposition testimony, there was no evidence of the presence of excessive wax or of any foreign substance on the floor; according to witnesses and appellant herself, the chair in which appellant was sitting appeared to be no different in design, construction, or condition from the other chairs in the restaurant; by her own admission, appellant had been in that restaurant many times and therefore could be presumed to be acquainted with and to have used its furnishings on previous occasions; she offered no reason for the chair's toppling other than that she was reaching to her left at the time. "[P]roof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence." *J. C. Penney Co. v. Smith*, 173 Ga. App. 612, 613 (327 SE2d 574) (1985); cited in *Harmon v. Reames*, 188 Ga. App. 812 (374 SE2d 539) (1988).

Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the non-movant, who must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. OCGA § 9-11-56 (e); *Hinkley v. Bldg. &c. Assn.*, 187

Ga. App. 345 (370 SE2d 201) (1988); *Oliver v. Thomas*, 158 Ga. App. 388 (280 SE2d 416) (1981). We find that appellant has not met this burden.

*Judgment affirmed. Carley, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1990.

*Dozier, Akin & Lee, A. Burton Lee*, for appellant.
*Robert R. Gunn II*, for appellee.