## A90A2224. BACON v. LIBERTY MUTUAL INSURANCE COMPANY.
### (401 SE2d 625)

Sognier, Chief Judge.

Tilman Bacon appeals from the trial court's grant of judgment on the pleadings in favor of Liberty Mutual Insurance Company.

Appellant brought suit against appellee alleging that he had incurred $7,400 in medical bills as a result of a fall in a Bi-Lo Store. Appellant alleged that at the time of his fall, "Bi-Lo Store had an insurance policy with [Liberty Mutual] which provided medical pay coverage for people who sustained accidental injuries on the premises." Based on that policy, appellant alleged he was entitled to recover the cost of his medical bills directly from the insurer. Appellee moved for judgment on the pleadings on the basis that appellant has no statutory right to bring a direct action against it. The insurance policy at issue is not in the record.

"The general rule is that because there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage *unless* there is an unsatisfied judgment against the insured *or it is specifically permitted either by statute or a provision in the policy*. [Cit.]" (Emphasis supplied.) *Hartford Ins. Co. v. Henderson & Son*, 258 Ga. 493, 494 (371 SE2d 401) (1988). However, "[t]he granting of a motion for judgment on the pleadings under [OCGA § 9-11-12 (c)] is proper only where there is a complete failure to state a cause of action or defense. 'For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false.' [Cits.]" *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49) (1978).

Based solely on the procedural status of this appeal, we are constrained to agree with appellant that the trial court's grant of judgment on the pleadings was improper because the trial court could not have determined from the complaint whether some unnamed and undetermined provision in the policy specifically permitted appellant, as a person who sustained an accidental injury on the premises of appellee's insured, to bring this direct action against appellee. "[A] judgment on the pleadings cannot be granted unless the pleadings affirmatively show that no claim in fact exists. [Cit.] On the record before us, there is no such affirmative showing of the absence of a claim on which relief can be granted." *Jones v. Phillips*, 183 Ga. App. 11, 12 (357 SE2d 853) (1987). Since there exists the remote possibility that appellant's complaint states a viable cause of action, the judgment in favor of appellee must be reversed. Id.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 31, 1991.

*Dozier, Akin, Lee & Graham, L. Z. Dozier, Jr.,* for appellant.
*Whitehurst & Frick, Elaine W. Whitehurst, Scott A. Wharton,* for appellee.