A91A1064. NORTHSIDE BUILDING SUPPLY COMPANY v.
FOURES et al.
(411 SE2d 87)

Pope, Judge.

This court granted plaintiff's application for interlocutory appeal from the trial court's order denying plaintiff's motion for summary judgment and vacating its previous grant of summary judgment.

Plaintiff Northside Building Supply Company filed this suit against Joanne S. Foures and Charles M. Foures based upon personal guaranties they allegedly gave as part of an application for credit by Country Hill Properties, Inc. It also filed a complaint against Country Hill Properties, Inc. and obtained a default judgment on the amount it claimed was due on the account. After the application for credit was executed, the Foureses were divorced. Defendant Joanne S. Foures answered the complaint and denied she is bound as a guarantor for Country Hill Properties, Inc. Defendant Charles M. Foures filed no answer, apparently because he has filed for bankruptcy. Thus, the motion for summary judgment was filed only against defendant Joanne S. Foures.

Plaintiff argues the trial court erred in denying its motion for summary judgment because it filed a supporting affidavit of its president in support of its motion; whereas defendant failed to file a counter-affidavit or submit any evidence in support of her contentions, thereby failing to show a genuine issue of material fact remains for trial. The party moving for summary judgment has the burden of establishing the non-existence of any genuine issue of fact, and all doubts must be resolved in favor of the non-moving party. *Barlow v. Orkin Exterminating Co.*, 196 Ga. App. 822, 823 (397 SE2d 170) (1990). "Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the non-movant, who must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. OCGA § 9-11-56 (e); [cits.]." *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990). When deciding whether the moving party has made a prima facie showing, the court must consider all "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." OCGA § 9-11-56 (c).

Here, it was not necessary for the defendant to submit affirmative evidence in order to create a genuine issue of fact because the evidence plaintiff presented did not establish a prima facie case entitling plaintiff to summary judgment. The guaranty agreement, upon which plaintiff relies, left blank the name of the debtor. In *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982), this court held that when a contract of guaranty omits the identity of

the principal debtor, even through a scrivener's error, it fails to satisfy the Statute of Frauds and renders the contract unenforceable. Accordingly, the trial court properly denied plaintiff's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 19, 1991.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides, George G. Chenggis,* for appellant.

*Frankel, Harwick, Tanenbaum, Fink & Clark, Martha J. Kuckleburg,* for appellees.