A92A0541. ELLIS et al. v. CURTIS-TOLEDO, INC.
(420 SE2d 756)

SOGNIER, Chief Judge.

Gerald and Elaine Ellis bring this appeal from the trial court's grant of summary judgment to Curtis-Toledo, Inc. in its action against them based upon a personal guaranty.

In its complaint against appellants, appellee alleged that it was owed a debt on account and that appellants had guaranteed that debt. Attached to the complaint were copies of the purported guaranty agreement executed by appellants and the account statement showing an amount owed for purchases made by Action Compressor and Pump Services ("Action") from appellee. Appellants answered denying liability and asserted the defense of res judicata based on appellee's failure to join appellants in a prior suit in which it had obtained judgment against Action. In response to appellee's requests for admission, appellants admitted they had signed a guaranty agreement, that summary judgment had been entered in the prior action against Action, and that they were officers of Action and had knowledge of its business and legal activities, but denied liability on the guaranty. The trial court's order granting summary judgment in favor

of appellee specifically recited that appellants' defense of res judicata was not applicable to this action and that, as appellants had admitted signing the guaranty agreement, appellee was entitled to judgment as a matter of law.

1. We find no merit in appellants' contention that the trial court erred by finding that their affirmative defense of res judicata was inapplicable here. Three prerequisites are necessary for the successful assertion of a res judicata defense based on a prior suit. There must be (1) identity of parties and (2) identity of the cause of action in both suits; and (3) the prior adjudication must have been by a court of competent jurisdiction. *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 345 (270 SE2d 883) (1980). Since the prior suit against Action was based upon an account and the instant action was brought upon a written guaranty, no identity of the cause of action existed, and the trial court did not err by finding that res judicata did not bar this action. See generally *Crowe v. Congress Fin. Corp.*, 196 Ga. App. 36, 39-40 (3) (395 SE2d 321) (1990).

2. Nevertheless, we find the trial court erred by granting summary judgment to appellee. Summary judgment is granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). The movant has the original burden of making this showing. *Lawson Prods. v. Rousey*, 132 Ga. App. 726, 727 (1) (209 SE2d 125) (1974). Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence. *Weldon v. Del Taco Corp.*, 194 Ga. App. 174-175 (390 SE2d 87) (1990). In this case, it was unnecessary for appellants to present rebuttal evidence or respond to the motion because "the evidence [appellee] presented did not establish a prima facie case entitling [appellee] to summary judgment. The guaranty agreement, upon which [appellee] relies, left blank the name of the [principal] debtor. In *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982), this court held that when a contract of guaranty omits the identity of the principal debtor, even through a scrivener's error, it fails to satisfy the Statute of Frauds and renders the contract unenforceable." *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259-260 (411 SE2d 87) (1991). Compare *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898-899 (2) (324 SE2d 746) (1984) (guaranty sufficient to comply with requirements of Statute of Frauds because of reference in document to other writings supplying missing terms). Accordingly, as appellee failed to make a prima facie showing of its entitlement to summary judgment, the trial court erred by granting summary judgment in its favor despite appellants' failure to raise this issue below. See generally *Northside Bldg. Supply*, supra.

3. Our decision in Division 2 renders unnecessary consideration of appellants' other enumerations of error.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 4, 1992 —
RECONSIDERATION DENIED JUNE 29, 1992.

William G. Maston, Birney O. Bull, for appellants.
Ackerman, Woodard & Butler, Jeffrey M. Butler, Greer, Klosik & Daugherty, Robert J. McCune, for appellee.