## A96A0740. DUKE v. KHD DEUTZ OF AMERICA CORPORATION.
(471 SE2d 537)

RUFFIN, Judge.

John Duke appeals from the grant of partial summary judgment to KHD Deutz of America Corporation ("KHD"), the plaintiff in the underlying action on a guaranty. The trial court found Duke liable to KHD under the guaranty as a matter of law. For reasons which follow, we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows the following: On March 2, 1992, KHD entered into a loan and security agreement naming Prime Commercial Corporation as the borrower. On the same date, Duke executed a guaranty agreement in favor of KHD which named American Alliance Receivables Corporation as the borrower. The guaranty agreement stated as follows: "WHEREAS, American Alliance Receivables Corporation, a Georgia corporation (the "Borrower"), and the Credit issuer have entered into a Loan and Security Agreement of even date herewith. . . ." It is undisputed that the only loan and security agreement entered into on March 2, 1992 was the one between KHD and Prime Commercial Corporation. A stock pledge reflecting Prime Commercial Corporation as the borrower was also executed on March 2, 1992.

Duke contends the trial court erred in granting KHD's motion for partial summary judgment on the guaranty agreement because the guaranty agreement "identified another loan that was being guaranteed, rather than the one being sued on in this case." Specifically, Duke alleges that the guaranty agreement names American Alliance Receivables Corporation as the borrower and that parol evidence is inadmissible to prove Prime Commercial Corporation was the intended and actual borrower. We disagree.

Pursuant to OCGA § 24-6-3 (a), "[a]ll contemporaneous writings shall be admissible to explain each other." The statute does not restrict this particular subsection to admit contemporaneous documents only if there is an ambiguity in the documents. In fact, subsection (b) of OCGA § 24-6-3 deals with the admission of parol evidence to explain ambiguities. In *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 459 (1) (314 SE2d 874) (1984), the Supreme Court declared that contemporaneous writings should be considered even if one of the writings purports to contain "the entire understanding of the parties hereto with respect to the transactions contemplated hereby" and even if the writings are not cross-referenced. As the Court noted,

"[c]ontemporaneous written agreements are perhaps one of the surest ways to establish the intent of the parties in entering into each of those agreements." Id. at 459.

"Because the guaranty agreement was executed at the same time and in the course of the same transaction as the [loan and security agreement and stock pledge agreement], the [three] instruments should be read and construed together." *Tucker Station, Ltd. v. Chalet I*, 203 Ga. App. 383, 385 (2) (417 SE2d 40) (1992). Despite the misnomer of American Alliance Receivables Corporation as the borrower in the guaranty agreement at issue, the other contemporaneous writings, including the loan and security agreement and stock pledge, clearly indicate that Prime Commercial Corporation was the intended and actual borrower. Thus, it was not error for the trial court to correct an obvious error and interpret the guaranty agreement accordingly.

*Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127 (296 SE2d 417) (1982), cited by the appellants, is inapposite because it did not involve contemporaneous writings. Moreover, in *Taylor* there was no ambiguity in the description of the principal debtor; it was omitted altogether. Id. at 128. Accordingly, the document in *Taylor* failed to satisfy the statute of frauds, and the Court refused to consider parol evidence to correct this deficiency. Id. In the present case, the requirements of the statute of frauds have been met. The guaranty agreement is written and contains all necessary requirements, including the name of the principal debtor. See OCGA § 13-5-30. However, ambiguity arises when the guaranty agreement is read and construed with the contemporaneous writings.

It is the duty of the trial court, as a matter of law, to employ the rules of contract construction and ascertain the intention of the parties unless "there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction." (Citations and punctuation omitted.) *Richard Haney Ford v. Ford Dealer Computer Svcs.*, 218 Ga. App. 315, 316 (461 SE2d 282) (1995); see also OCGA § 13-2-2. The ambiguity created when the guaranty agreement is read and construed in conjunction with its contemporaneous writings was properly resolved by the trial court. Accordingly, we affirm the trial court's grant of partial summary judgment to KHD on the subject guaranty agreement.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 16, 1996.

*Lokey & Smith, Charles M. Lokey, Malcolm Smith, Jon W. Burton*, for appellant.

*Jones, Day, Reavis & Pogue, Robert M. Martin, Dorothy Y. Kirkley*, for appellee.