## A97A0828. SYSCO FOOD SERVICES, INC. v. COLEMAN.
### (489 SE2d 568)

Judge Harold R. Banke.

Charlton Real Estate, Inc. d/b/a Charlton Club South ("Charlton Club") purchased food and kitchen supply items from Sysco Food Services, Inc. ("Sysco"). After Charlton Club purportedly defaulted on payments due on the account, Sysco sued Teresa Coleman, alleging that she was liable under an individual personal guaranty. To its complaint, Sysco attached copies of invoices, the new account form, the terms agreement, and an individual personal guaranty. In her answer, Coleman denied signing the individual personal guaranty.

The terms agreement identifies the "purchaser" as The Charlton Club South. An individual personal guaranty form appears on the lower half of the same page as the terms agreement. It is undisputed that on this individual personal guaranty, the name of the principal debtor (_____ "Company") and name of the person individually guaranteeing the indebtedness are left blank.

The trial court determined that the omission of the name of the principal debtor violated the statute of frauds and made the guaranty unenforceable. The court found that the omitted information could not be supplied by parol evidence or by contemporaneous writings. Consequently, the trial court granted Coleman's motion for judgment on the pleadings.

A personal contract of guaranty must be in writing and must satisfy all of the requisites of the statute of frauds, OCGA § 13-5-30 (2). Here, the sole question is whether the writing in question, which left blank both the name of the principal debtor (_____ "Company") and the name of the person individually guaranteeing the indebtedness, is sufficient to satisfy the statute of frauds.

In an unbroken line of authority, this Court has consistently held that where a guaranty omits the name of the principal debtor, it is unenforceable as a matter of law. *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982) (failure of document to state the identity of the entity whom guarantor agreed to indemnify is fatal). See *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992) and *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259, 260 (411 SE2d 87) (1991).

Even where the intent of the parties is manifestly obvious, where the name of the principal debtor is omitted from the document, the agreement is not enforceable because it fails to satisfy the statute of frauds. *Taylor*, 164 Ga. App. at 128. See *Foures*, 201 Ga. App. at 259 (where guaranty agreement left blank the name of the debtor, the contract is unenforceable even if omission was due to a scrivener's error). See also *Ellis*, 204 Ga. App. at 704 (omission of identity of principal debtor made contract of guaranty unenforceable as a matter of law).

Notwithstanding Sysco's argument to the contrary, the contemporaneous writing rule, even if applicable, would not authorize a different result. Compare *Duke v. KHD Deutz &c. Corp.*, 221 Ga. App. 452, 453 (471 SE2d 537) (1996) (use of contemporaneous writings permitted to resolve ambiguity where statute of frauds not implicated because guaranty contained all essential terms). Although the "Terms Agreement" and "Individual Personal Guaranty" appear on the same paper, the two sections do not incorporate each other by reference or use the same terms. The terms agreement refers to "seller" (Sysco Corporation and any of its subsidiaries and affiliated entities) and "purchaser" (The Charlton Club South). In contrast, the individual personal guaranty refers to "company" (unidentified, unnamed) and "seller" (Sysco Corporation and each of its subsidiaries and affiliated entities). Compare *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 460 (1) (314 SE2d 874) (1984) (three contemporaneously executed written agreements could be construed together to determine terms and conditions of option to purchase realty).

The trial court correctly found that in order to determine the identity of the "company" debtor, it would have to make inferences and consider impermissible parol evidence. See *Sawyer v. Roberts*, 208 Ga. App. 870, 871 (432 SE2d 610) (1993) (parol evidence inadmissible to supply any missing essential elements of a contract

required by the statute of frauds to be in writing); *Taylor*, 164 Ga. App. at 128. OCGA § 10-7-3 expressly prohibits the extension of a suretyship contract by implication or by interpretation.

Judicial construction of the contract of guaranty at issue is improper because this defect cannot be treated as an ambiguity. While parol evidence may be admitted to explain ambiguities in descriptions, it cannot be admitted to supply a description entirely omitted. *Taylor*, 164 Ga. App. at 128. Compare *Murray v. Pratt-Dudley Builders Supply*, 176 Ga. App. 225 (335 SE2d 443) (1985) (statute of fraud problem not created because the creditor was not seeking to enforce a guaranty made on behalf of an unnamed, unspecified debtor).

Sysco's reliance on *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897 (324 SE2d 746) (1984) is misplaced. *Schroeder* neither authorizes nor requires a different result. In that case, the guaranty agreement contained a clear statement of agreement and properly identified the subject matter of the debt as well as the identities of the promisee and promisor. We rejected Schroeder's contention that the contract of guaranty was unenforceable because it omitted the amount owed and the terms of payment. Inasmuch as the exact amount of the debt on an open account was not determinable at the time of the guaranty's execution, we found that the guaranty satisfied the statute of frauds. Id. at 899.

The guaranty at issue was drafted by Sysco. It was incumbent upon Sysco to ensure that all the essential terms were completed before Coleman signed the form. This Sysco failed to do. Compare *Duke*, 221 Ga. App. at 453 (where guaranty contained all essential terms, contemporaneous writings could be considered to resolve latent ambiguity). Nor did Sysco object to Coleman's failure to raise the statute of frauds defense in her responsive pleading as required by OCGA § 9-11-8 (c). By acquiescing to Coleman's use of this defense in the motion for judgment on the pleadings, Sysco waived any applicable objection. See *Bowers v. Howell*, 203 Ga. App. 636, 637 (1) (417 SE2d 392) (1992). Further, after Coleman raised the statute of frauds defense in the motion for judgment on the pleadings, nothing prevented Sysco from amending its complaint to allege some other alternative theories of recovery such as quantum meruit or unjust enrichment.

This Court has consistently treated guaranties containing latent or patent ambiguities differently from those involving the omission of an essential term required by the statute of frauds to be in writing. OCGA § 13-5-30 (2). Regardless of why the omission occurred, it rendered the purported guaranty defective and unenforceable as a matter of law. *Ellis*, 204 Ga. App. at 705 (2); *Foures*, 201 Ga. App. at 259-260; *Taylor*, 164 Ga. App. at 128.

In light of the statutory mandate requiring that essential terms of a promise to answer for the debt of another be in writing (OCGA § 13-5-30 (2)), the statutory bar precluding the extension of a contract of guaranty by interpretation or implication (OCGA § 10-7-3), and the binding and applicable precedent compelling that the identity of the principal debtor be provided on a guaranty, the trial court correctly granted Coleman's motion. Because the pleadings disclose that all of Sysco's complaint was premised on a guaranty which was unenforceable as a matter of law, Coleman was entitled to judgment on the pleadings. OCGA § 9-11-12 (c).

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., Johnson and Blackburn, JJ., concur. Pope, P. J., and Ruffin, J., dissent.*

RUFFIN, Judge, dissenting.

"The granting of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper *only where there is a complete failure to state a cause of action* or defense. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Citations and punctuation omitted; emphasis supplied.) *Bacon v. Liberty Mut. Ins. Co.*, 198 Ga. App. 436 (401 SE2d 625) (1991). Viewing the allegations in Sysco's complaint in this light, I cannot say that there has been *a complete failure to state a cause of action*. Accordingly, I respectfully dissent.

Taken as true, the allegations in Sysco's complaint show that between March 15, 1991 and March 22, 1991, Charlton Club South ("Charlton Club") placed orders on account for the purchase and delivery of various food and kitchen supply items from Sysco. On March 15, 1991, Coleman, who was Charlton Club's vice-president, "signed an individual personal guaranty in favor of [Sysco] to induce [Sysco] to extend credit on account to [Charlton Club]." Charlton Club subsequently defaulted on payments due on the account.

As stated by the majority, Sysco attached a copy of an account terms agreement to the complaint. This agreement, dated March 15, 1991, clearly identifies Charlton Club as the "purchaser" of goods on account and was executed by a Sysco representative and by Coleman in her capacity as Charlton Club's vice-president. The personal guaranty, which appears on the bottom half of the terms agreement, is also dated March 15, 1991, and signed by Coleman and a witness.

It should be noted that I agree with the majority that "this Court has consistently held that where a guaranty omits the name of the principal debtor, it is unenforceable as a matter of law." However, contrary to the majority's conclusion that this essential element must be contained within the four corners of a single document, "[o]ur courts have held that in order to satisfy the Statute of Frauds, the

writing relied upon as a guaranty must, either in itself *or in connection with other writings*, identify the debt which is the subject of the promise, indicate knowledge of both the amount promised to be paid and the time the debt becomes due, and show who is the promisee as well as the promisor. [Cits.]" (Emphasis supplied.) *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898 (2) (324 SE2d 746) (1984). " 'It is not necessary that the (guaranty agreement) contain in itself all of the requirements which the (S)tatute (of Frauds) embraces.' " Id. at 898-899. "[A]s long as all the necessary terms are contained in signed contemporaneous writings, the statutory requirements and purpose of the Statute of Frauds have been met, *whether or not the writings are cross-referenced.*" (Emphasis supplied.) *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 460 (1) (314 SE2d 874) (1984). *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127 (296 SE2d 417) (1982), and the other cases cited by the majority are inapposite because they do not involve signed contemporaneous writings. *Duke v. KHD Deutz &c. Corp.*, 221 Ga. App. 452, 453 (471 SE2d 537) (1996). See also *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992), in which there was no evidence of other writings and we specifically distinguished from *Schroeder*, supra, where we expressly held that *other writings* could supply the missing terms.

In the instant case, I note that contrary to the majority's finding, Coleman is identified as the guarantor. Although a space for naming the guarantor was left blank, her signature appears at the bottom of the guaranty in the space provided for the "Guarantor." And, although the majority states that Coleman denied signing the guaranty, for the purposes of Coleman's motion her denial must be "taken as false" and we must assume that she did, indeed, execute the guaranty. See *Bacon*, supra at 436. Furthermore, though it is true that the space labeled "Company" was left blank on the guaranty, the guaranty shows that the "Company" was the entity receiving credit at Coleman's request, and Charlton Club is clearly identified on the same piece of paper in the terms agreement executed by Coleman as the "[p]urchaser" of goods on account. Moreover, Sysco's complaint allegations, taken as true for the purposes of Coleman's motion for judgment on the pleadings, show that Charlton Club is the principal debtor. See *Bacon*, supra. Accordingly, whether we construe the terms agreement and guaranty as a single writing with an ambiguity as to the principal debtor, or as signed contemporaneous writings which together supply the essential elements of the guaranty, this document in combination with the complaint do not show that Sysco completely failed to state a cause of action to enforce the guaranty under the Statute of Frauds. See id.

*Murray v. Pratt-Dudley Builders Supply Co.*, 176 Ga. App. 225 (335 SE2d 443) (1985), cited by the majority, shows why this case

should not, and cannot, be disposed of by judgment on the pleadings. In *Murray*, as in the instant case, the creditor sued to enforce a personal guaranty signed by the alleged guarantor. Although the space on the guaranty form for identifying the creditor was left blank, the trial court granted summary judgment to the creditor. On appeal, the guarantor argued that the guaranty was unenforceable under the Statute of Frauds because it did not identify the creditor in whose favor the guarantee was executed. In his deposition, however, the guarantor freely admitted that he signed the guaranty for the debts of the principal debtor in favor of the plaintiff creditor. We found that in light of such testimony "the harm sought to be prevented by the statute of frauds simply [did] not exist, and . . . that [the guarantor was] estopped to assert the statute of frauds defense." Id. at 227. Moreover, we found that under such circumstances, the Statute of Frauds defense was " 'patently absurd' " and imposed frivolous appeal damages against the appellant for relying on the defense. Id.

The reasoning employed by this Court in *Murray* is not limited to cases seeking the enforcement of guarantees. In *Garrison v. Piatt*, 113 Ga. App. 94 (1) (147 SE2d 374) (1966), a case which involved a contract for the sale of goods under the Uniform Commercial Code, this Court found that a defendant cannot admit the fact of the contract and at the same time claim the benefit of the Statute of Frauds. We reasoned that this provision of law "was designed to prevent the statute of frauds itself from becoming an aid to fraud, by prohibiting one [from] claiming the benefit of the statute who admits in the case the oral contract sued upon." Id.

In the instant case it is not necessary to decide whether, as was done in the numerous other cases cited here and by the majority, the *evidence* shows that one party or the other is entitled to judgment on the merits. Rather, we must only determine whether " 'the pleadings affirmatively show that no claim in fact exists.' " (Citations omitted.) *Bacon*, supra at 436. Unlike *Murray*, the plaintiff in this case has not had any opportunity to present deposition testimony or other evidence showing whether Coleman admits the essential elements of the guaranty. If such evidence does exist, it would be "patently absurd" to allow Coleman to assert the Statute of Frauds as a defense. See *Murray*, supra. Furthermore, contrary to the majority's conclusion, even in the absence of such admissions, Sysco can prove the existence of an enforceable guaranty through evidence of signed contemporaneous writings. *Schroeder*, supra; *Baker*, supra.

Finally, I must disagree with the majority's finding that Sysco's reliance on *Schroeder*, supra, is misplaced. As in this case, *Schroeder* involved allegedly missing essential elements of an enforceable guaranty, specifically, the amount promised to be paid and the time the debt became due. We found, however, that those elements could be

proved by contemporaneous writings and were proved by invoices for materials purchased by the principal debtor from the creditors. See id. at 898-899. Contrary to the majority's reading of *Schroeder*, it does not appear that this Court based its decision on the fact that the "exact amount of the debt on an open account was not determinable at the time of the guaranty's execution." Rather, the decision was based solely on the well-established rule that the essential elements of a guaranty may be established by contemporaneous writings. Id. See also *Butler v. Godley*, 51 Ga. App. 784, 788 (3) (181 SE 494) (1935). As to whether the exact amount and the full terms of the indebtedness on an open account are determinable at the time of the guaranty's execution, we merely ruled that " '[t]he jury in the exercise of common sense could see the logical connection between the [guaranty and the invoices].' [Cits.]" *Schroeder*, supra at 899.

In short, I believe that Sysco's complaint does not completely fail to state a cause of action to enforce a guaranty and that the trial court therefore erred in granting Coleman's motion for judgment on the pleadings. *Schroeder*, supra; *Baker*, supra; *Bacon*, supra.

I am authorized to state that Presiding Judge Pope joins in this dissent.

DECIDED JULY 16, 1997.

*Lee, Black, Scheer & Hart, John D. Lange, Bouhan, Williams & Levy, Peter D. Muller*, for appellant.
*Gannam & Gnann, J. Hamrick Gnann, Jr.*, for appellee.