A05A0396. L. HENRY ENTERPRISES, LTD. et al. v. VERIFONE, INC.
(614 SE2d 841)

SMITH, Presiding Judge.

In this appeal, we must decide whether a note and guaranty agreement are unenforceable because the corporate maker's name on the note and the guaranty differ slightly and both are different from the name registered for the corporation. Verifone, Inc. brought suit against Larry Henry ("Henry") and L. Henry Enterprises, Ltd. a/k/a Larry Henry Enterprises, Inc., on a note and guaranty agreement.

Cross-motions for summary judgment were filed, and the trial court granted Verifone's motion and denied that of Henry and L. Henry Enterprises. We disagree with appellants' contention that the note and guaranty are unenforceable as a matter of law and that the grant of summary judgment to Verifone was therefore erroneous. We find no error and affirm the trial court's ruling.

The record shows that in October 2000, an entity designated "Larry Henry Enterprises, Inc." executed a promissory note in favor of Verifone in the amount of $318,777.92. The note was signed by Henry as "President." Henry also executed a personal guaranty of that debt. In the body of the guaranty agreement, the maker of the note was originally named as "Lee Henry Enterprises, Inc.," but the word "Lee" was crossed out and the handwritten substitution of "L." for "Lee" was initialed. The note was paid down to a principal balance of $129,379.39 when Verifone declared the note in default and demanded payment. When appellants refused payment, Verifone brought this action. After appellants answered denying that they owed anything under the note and guaranty, cross-motions for summary judgment were filed. None of the parties requested a hearing, and the trial court granted Verifone's motion and denied that of appellants based upon the record.

In the order granting summary judgment to Verifone, the trial court found that no dispute existed concerning the authenticity of the note and guaranty, and that the affidavit of Verifone's Director of Finance established the default on the note. Appellants filed no affidavits or other evidence creating an issue of fact regarding the default or the amount owed.

1. We agree with the trial court's analysis of the "threshold issue" raised by Henry. Henry maintains that even though he admitted guaranteeing the note made by L. Henry Enterprises, Inc., he is not liable on the guaranty in the present action because the note sued upon actually was made by Larry Henry Enterprises, Inc., a different entity with which he has "never been associated."

The trial court noted that paragraph 1 of the complaint states: "Defendant, L. Henry Enterprises, Inc. is a corporation subject to the jurisdiction . . . of this Court"; that appellants' "answer admits the allegations of this paragraph"; and that neither the entity "L. Henry Enterprises, Ltd." nor the entity "Larry Henry Enterprises, Inc." is mentioned in the body of the complaint. But the fact that "L. Henry Enterprises, Ltd. a/k/a Larry Henry Enterprises, Inc." is named as the defendant in the style of the case is not controlling, because "the caption is generally not considered a part of the petition in Georgia."[1]

[1] A plaintiff may make the caption a part of the petition by making an allegation to that

(Citations and footnote omitted.) *Anderson v. Bruce*, 248 Ga. App. 733, 735 (2) (548 SE2d 638) (2001). It is well established that

> [c]ourts refrain from attaching too much importance to the merely formal parts of a complaint and construe pleadings so as to do substantial justice. Substance, rather than nomenclature, controls. Thus, the character in which a party is sued may be determined from the substance of the allegations of the petition, considered in its entirety.

(Citations, punctuation and footnotes omitted.) Id. at 736 (2). Because "L. Henry Enterprises, Inc." is the only corporate entity mentioned in the body of Verifone's complaint, it is clear that "L. Henry Enterprises, Inc." is the corporate defendant in this action. The fact that Henry signed the note as president of "Larry Henry Enterprises, Inc." and guaranteed that same note referring to it as a note made by "L. Henry Enterprises, Inc." leads us to conclude that "L. Henry Enterprises, Inc." and "Larry Henry Enterprises, Inc." were used interchangeably in the understanding and intention of the parties. Further, Henry's assertion that he was, in fact, the president of "L. Henry Enterprises, Ltd." demonstrates that both names used in the documents refer to the corporation "L. Henry Enterprises, Ltd.," which was the only entity registered with the Secretary of State. The trial court did not err in granting summary judgment to Verifone on the note.

2. In the response to Verifone's motion for summary judgment, Henry admitted that he guaranteed the promissory note made by the entity named "L. Henry Enterprises, Inc.," but that is not the entity that was the maker of the note. The note was made by "Larry Henry Enterprises, Inc." Henry also argued that he was, in reality, the president of "L. Henry Enterprises, *Ltd.*" (emphasis supplied), that he has "never been associated with a corporation known as Larry Henry Enterprises, Inc.," and that neither he nor "L. Henry Enterprises, Ltd. ever did business as 'Larry Henry Enterprises, Inc.'" Henry contended below and contends again on appeal that he is not obligated on the guaranty agreement. He argues that the note "unambiguously" defines the maker as "Larry Henry Enterprises, Inc.," an entity other than the corporation of which he was president, while the guaranty agreement refers to a note made by "L. Henry Enterprises, Inc." Because guaranty agreements must meet the

effect in the body of the petition. *Anderson*, supra at 735 (2).

requirements of the Statute of Frauds, OCGA § 13-5-30 (2), Henry argues that parol evidence cannot be used to change the terms of the note. We do not agree.

"In an unbroken line of authority, this Court has consistently held that where a guaranty omits the name of the principal debtor, it is unenforceable as a matter of law. [Cits.]" *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 461 (489 SE2d 568) (1997). But while the Statute of Frauds prohibits using parol evidence to supply completely missing terms, it does not prohibit using parol evidence to explain ambiguities in descriptions. Id. at 462. "[A]s long as all the necessary terms are contained in signed contemporaneous writings, the statutory requirements and purpose of the Statute of Frauds have been met, whether or not the writings are cross-referenced." *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 460 (1) (314 SE2d 874) (1984). We therefore may read the note and the guaranty together to resolve the ambiguity here. "The statute of frauds is 'for the prevention of frauds and perjuries.' [Cit.]" *John Deere Co. v. Haralson*, 278 Ga. 192, 194, n. 2 (599 SE2d 164) (2004). Under the circumstances here, given Henry's admissions, reading the two documents together is consonant with the statute's purpose, and "the harm sought to be prevented by the statute of frauds simply does not exist." *Murray v. Pratt-Dudley Builders &c. Co.*, 176 Ga. App. 225, 227 (335 SE2d 443) (1985).

If the documents are read together, it is also apparent that Henry's argument defies logic. He does not deny signing the promissory note as president of "Larry Henry Enterprises, Inc." As noted by the trial court, he also admitted guaranteeing a note executed by "L. Henry Enterprises, Inc.," but Henry has not presented any evidence showing that more than one note was executed. It follows that the note referred to in the guaranty agreement must be that same note Henry signed as president of "Larry Henry Enterprises, Inc." Otherwise, if Henry did not intend to guarantee the note sued upon, he perpetrated a fraud. Here, as in *Murray*, supra, Henry is therefore "estopped to assert the statute of frauds defense" to escape liability on the guaranty agreement. The trial court did not err in granting summary judgment to Verifone on Henry's personal guaranty.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MAY 9, 2005 — ▮▮▮▮▮▮

*Cohen, Pollack, Merlin, Axelrod & Small, Gus H. Small, Jr.*, for appellants.

*Macey, Wilensky, Cohen, Wittner & Kessler, Robert A. Winter, Lee M. Mendelson, Hal J. Leitman*, for appellee.