## S09A0241. WHITE HOUSE INN AND SUITES, INC. v. CITY OF WARM SPRINGS et al.

(676 SE2d 178)

BENHAM, Justice.

Appellant White House Inn and Suites, Inc. ("the Inn") owns 58 acres at the top of a mountain in Warm Springs, Georgia, upon which it operates a hotel and assisted living facility. By two warranty deeds granting fee simple title, the Inn deeded a total of .25 acres of real property to the City of Warm Springs in 1998, and the City built a water tower on the property. The Inn also granted the City a 15-foot-wide perpetual easement across appellant's property to the .25 acres. In 2006, the City entered into an agreement with appellee Charles Dean Ginn, doing business as Dean's Commercial Two-Way, that allowed Ginn to build a radio tower on the .25-acre parcel in exchange for the provision of certain public safety communications equipment and services to the City. Construction of the radio tower was completed in June 2007 and it is being used to provide the service.

In May 2008, the Inn filed a verified complaint for declaratory and injunctive relief, claiming that the property conveyed by the warranty deeds may be used only for the maintenance and operation of a water tower and that the easement is likewise limited and can be used only for the provision of water and sewer services. Attached to the complaint were copies of the warranty deeds by which the Inn conveyed the real property to the City "to have and to hold the said tract or parcel of land . . . forever in Fee Simple." Also attached was the perpetual easement which was entitled "Water and Sewer Line Easement" and which stated it was granted "for the purpose of installing and maintaining utilities, including ingress and egress, to make inspections or repairs on the same, and for any other purposes necessary to construct and maintain water and sewer lines through said property. . . ."

After holding a hearing, the trial court entered an order denying injunctive relief. The trial court declined to burden the warranty deeds with a restrictive use and found that the warranty deeds and easement were clear and unambiguous; that the warranty deeds conveyed fee simple title without any reference to a use restriction; and that the conveying language of the easement quoted above clearly and unambiguously granted an easement for utility purposes not limited to water and sewer lines and therefore included communications utilities.

1. The Inn contends the trial court erred when, in construing the warranty deeds, it did not take into consideration the contemporaneously executed easement. Noting that OCGA § 24-6-3 (a) states that "[a]ll contemporaneous writings shall be admissible to explain

each other[,]" the Inn maintains that the easement clearly and unambiguously shows that the easement can only be used for the water tower and utilities related thereto, and asserts that the contemporaneously executed warranty deeds should be construed as similarly restricted.

OCGA § 24-6-3 (a) authorizes the use of contemporaneously executed writings to provide necessary terms not contained in the document at issue, or to correct obvious errors in the document at issue. Thus, a contemporaneously executed document can provide a property description missing from a contract for the sale of real property (*Owenby v. Holley*, 256 Ga. App. 13 (2) (567 SE2d 351) (2002)); establish the terms of a purportedly vague option agreement (*Baker v. Jellibeans, Inc.*, 252 Ga. 458 (1) (314 SE2d 874) (1984)); establish and correct a misnomer (*C.L.D.F., Inc. v. The Aramore, LLC*, 290 Ga. App. 271 (1) (659 SE2d 695) (2008); *Duke v. KHD Deutz of America Corp.*, 221 Ga. App. 452 (471 SE2d 537) (1996)); correct an "obvious error" (*Tucker Station Ltd. v. Chalet I, Inc.*, 203 Ga. App. 383 (2) (417 SE2d 40) (1992)); or establish that the acceptance of an offer was conditional (*Harris v. Distinctive Builders, Inc.*, 249 Ga. App. 686 (1) (549 SE2d 496) (2001)). However, the contemporaneously executed document cannot be used to add to an agreement a representation or warranty that is not there. *Savage v. KGE Assoc.*, 260 Ga. App. 770 (2) (a) (580 SE2d 591) (2003). See also *CPI Phipps v. 100 Park Avenue Partners*, 288 Ga. App. 614, 624 (654 SE2d 690) (2007). In the case at bar, the Inn seeks to graft onto the fee simple warranty deeds to the .25-acre parcel the language of the contemporaneously executed easement that burdens real property adjacent to the .25-acre plot, which language limits the easement's use. The easement, though executed contemporaneously with the warranty deeds, cannot be used to burden the warranty deeds with a restrictive use not contained therein, and the trial court did not err in so ruling.

2. The Inn suggests that the case be remanded to the trial court if we, contrary to the conclusion of the trial court, determine that the easement is ambiguous. We agree with the trial court that the unambiguous stated purpose of the easement authorizes its use for utility purposes not limited to water and sewer lines. Accordingly, there is no need to remand the case to the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Page, Scrantom, Sprouse, Tucker & Ford, William L. Tucker, Thomas F. Gristina, Travis C. Hargrove*, for appellant.
*Lewis, Taylor & Todd, Jeffrey M. Todd, Funderburk, Day &*

*Lane, Joel P. Day, Bradford C. Dodds*, for appellees.