25692. POLK, executor, *v.* SLATON.

DECIDED OCTOBER 14, 1936.

*Quincy O. Arnold, J. C. Miner,* for plaintiff in error.
*Warren Cox,* contra.

GUERRY, J. ■ W. R. Polk, deceased (now represented by R. G. Polk, his executor), executed to certain attorneys representing Archie Slaton a letter authorizing them to release to E. N. Claughton certain stocks held by them as security (1) for payment of their retainer fee of $1000 in a suit which they had been authorized by Claughton to file, and had filed, against Central Public-Service Corporation et al., in behalf of Mrs. Bradley Leverette, Mrs. Francis Thompson, and W. R. Polk, and (2) "in the matter of Archie Slaton for $1000;" and further, "to accept this as my guarantee that the above obligations will be taken care of upon completion of the above-mentioned suits." The attorneys answered, acknowledging receipt of the letter above set out, "where-

in you guarantee the payment . . . of $1000 retainer fee in connection with the Central Public-Service Corporation litigation. You also guarantee the payment of $1000 owing to Archie Slaton by the Bankers Savings and Loan. These amounts are payable by you absolutely and without condition upon the completion of the litigation against the Central Public-Service Corporation." W. R. Polk made no response to this letter. The suit against the Central Public-Service Corporation, referred to in this correspondence, had been filed by the attorneys in the name of Mrs. Bradley Leverette. At this time no suit had been filed by Archie Slaton against the Bankers Savings and Loan Company, but suit was filed about eighteen days later. The well-settled principles of law, (1) that "where the terms of a written contract of guaranty, or suretyship, are ambiguous, they will be construed most strongly against the maker of the contract" (*Small Co.* v. *Claxton,* 1 *Ga. App.* 83, 57 S. E. 977; *Adams* v. *Georgian Co.,* 19 *Ga. App.* 654, 91 S. E. 1005; *Peck* v. *Precision Machine Co.,* 20 *Ga. App.* 429, 93 S. E. 106; Code, § 20-704, par 4), and (2) that "the intention of the parties may differ among themselves. In such case, the meaning placed on the contract by one party, and known to be thus understood by the other party, at the time, shall be held as the true meaning" (§ 20-703), make it proper to hold that the litigation to be completed was that of Leverette against the Central Public-Service Corporation, and that he would pay at the time the litigation was completed, or, in other words, when the same was lawfully disposed of, whether by refusal of the parties plaintiff to proceed with the suit, and consequent dismissal by the attorneys, or disposed of by trial. Under the undisputed evidence, Mrs. Leverette demanded that her name be withdrawn from the suit. Claughton, who had acted as agent for all parties concerned and who had employed the attorneys, or Polk, deceased (the evidence is not clear as to which), would not authorize them to proceed with the suit in any other person's name having an interest in the subject-matter of the suit. The attorneys could not use the name of Polk or any other person's name, unless authorized to do so, and their dismissal of the suit only saved it from being dismissed by order of the court. We are therefore of the opinion that such dismissal amounted to a completion of the litigation within the meaning of the terms of the letter of Polk.

Even if it be held that it was necessary to show that the plaintiff had made a reasonable effort to collect the sum from the Bankers Savings and Loan Company, before proceeding against Polk, which we doubt, since the contract guaranteed payment of the obligation and did not guarantee payment of any loss sustained, the evidence clearly discloses a reasonable effort to collect, for the suit was filed only a few weeks after the letter of guarantee was written and was dismissed only after the defendant company became insolvent. The court therefore did not err in refusing to grant a nonsuit, or in directing the verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*