POLK, executor, *v.* SLATON *et al.*

No. 12499. JANUARY 12, 1939. REHEARING DENIED FEBRUARY 22, 1939.

*Howard & Brackett, G. H. Howard,* and *H. W. Belfor,* for plain.-tiff.

*Crenshaw, Hansell & Gunby, Warren Cox, Clifford Walker, E. P. Tuttle, W. C. Hendrix, E. H. Sheats,* and *W. S. Northcutt,* for defendants.

JENKINS, Justice. The plaintiff, as executor, sued in the superior court a person who had obtained a judgment for $1000 against him in the municipal court, which judgment had been affirmed by the Court of Appeals (see *Polk* v. *Slaton,* 54 *Ga. App.* 328, 187 S. E. 846), and joined in the suit the former firm of attorneys who had obtained that judgment and a successor firm of attorneys who had obtained a separate judgment for $1000 attorneys' fees against him in the municipal court; also the successors of the two latter firms of attorneys, together with another attorney with an alleged unknown interest in these judgments, and the marshal and deputy marshal of the municipal court. The petition, in one count, sought an injunction against the attorneys and the officers of the municipal court to prevent them from selling property levied on under one of the executions, and from levying the execution which had issued under the other judgment. It prayed that both judgments be decreed void; that the executions be canceled on account of alleged fraud and mistake; that the two municipal-court "suits" be "consolidated" with this case; that in another case filed by some of the attorneys for another person in the same superior court, and dismissed by them at their client's request about four

years previously, interventions in behalf of the present plaintiff and a third person, prepared by such attorneys but never filed for reasons in dispute, be now ordered filed nunc pro tunc, and the present plaintiff be permitted to prosecute such dismissed case to completion (the parties to that case not being made parties to this case); that it be decreed that a letter of guaranty, involved in the municipal-court cases, had been obtained by fraud, and that no liability of the estate to the defendants exists; that if the court find the estate liable on the municipal-court judgment in favor of an alleged creditor, it determine what credit may be set off by reason of the previous receipt by the creditor or his attorneys of certain substituted securities or sums of money; that in such event the estate be subrogated to any and all rights that the creditor might have to recover the securities; and that the plaintiff recover judgment against the defendants, or any of them, for $25,214, and such other damages as may be adjudged in his favor. In the record of more than three hundred pages the amended petition and exhibits contain much of the proceedings and some of the testimony, not only in the municipal-court and superior-court cases stated, but also in an additional mandamus case and in two criminal cases involving parties who are not made parties to the present case. The court sustained demurrers to the petition, on the grounds that it stated no cause of action, that it contained a misjoinder of parties and causes of action, and that it was duplicitous and multifarious in that it sought to combine separate and distinct causes of action and grounds for relief against the defendants.

1. This case is controlled by the rulings in *Whiddon* v. *Southern Auto Finance Co.*, 186 *Ga.* 726 (supra), where it was held that the petition against three defendants was subject to special grounds of demurrer, in that it set forth in one count four separate and distinct claims; that where a "petition is dismissed for lack of a cause of action and for multifariousness or misjoinder, and is subject to demurrer on the latter ground, this court is not required to rule on the merits of the several claims set forth in the petition;" and that, although "courts of equity are loath to dismiss bills for multifariousness, [and] will, if it be reasonably possible, remand the case with leave to amend by striking such of the grounds of complaint as will cure the defect complained of, . . this can not be done where the record is so confused as to make it difficult for this court

to determine just what cause, if any, the plaintiff should be required to elect to stand on." These principles are fully applicable to the present equitable petition, which is in one count against nine defendants, seeking relief against two separate and distinct municipal-court judgments in favor of different plaintiffs on account of alleged fraud or mistake, relief with reference to an independent case in the superior court with parties who are not parties to this record, relief with reference to other matters antecedent to the judgments on account of alleged fraud and negligence, money judgments against the defendants on account of separate and distinct matters, and setting forth in the voluminous record much of the proceedings and testimony, not only in the cases stated, but in a mandamus case and in two criminal cases with parties who are not parties to this record.

2. As in the *Whiddon* case, since the judgment dismissing this petition is affirmed on the ground alone that it was multifarious and contained a misjoinder, direction is given that the judgment sustaining the demurrers and dismissing the suit be so modified as to rest only upon that ground, "so that the general form of the judgment originally entered will not prejudice any right of the plaintiff on the merits of his cause."

*Judgment affirmed, with direction. All the Justices concur.*