## 57046. AZAR et al. v. FULTON COUNTY EMPLOYEES PENSION BOARD.

DEEN, Presiding Judge.

It is not controverted in this action on a promissory note that the note was executed and the money paid to the borrower Azar-Beard Properties, Inc., that it has not been repaid, and that immediately following the signature of this corporation by appellants on this instrument as its officers there follows a guaranty of payment signed by the appellants individually as guarantors, on the basis of which summary judgment was rendered for the lender Fulton County Employees Pension Fund.

The sole defense urged is that the note is physically typewritten on one side each of three pages, and immediately followed on the third page by the guaranty contract undertaking to secure "the payment of the note on the reverse side hereof." Appellants contend that since contracts of guaranty and suretyship are stricti juris (*LeCraw v. Atlanta Arts Alliance,* 126 Ga. App. 656 1(a) (191 SE2d 572) (1972)), the statement in the guaranty contract that the instrument was "on the reverse side hereof" instead of being partly on the same page and partly on preceding pages constitutes an unamendable defect entitling them to a motion in arrest of judgment and thus freeing them from all liability. There was no response to the motion for summary judgment, no direct appeal therefrom, and the denial of the motion to set aside

the judgment, filed more than a month after the judgment was entered admits that the note and guaranty sued on were the note and guaranty signed by them as alleged in the complaint. This can only mean that appellants admit all the allegations of the complaint but contend that because the guaranty contract which they signed appears on another piece of paper, or on another side of the piece of paper referred to, this is an unamendable defect: that is, the guaranty contract would have been void when signed and no corrective action could have been possible. No construction of the language used in a contract should be given contrary to the manifest intention of the parties, irrespective of the proper and logical meaning of the words used. *Brooks v. Folds,* 33 Ga. App. 409 (1) (126 SE 554) (1924). "Parol evidence is admissible to prove a mistake in a deed or any other contract required by law to be in writing." Code § 38-510. Since the mistake of inserting the words "on the reverse side" does not affect the contract as intended by the parties in any particular, and since the appellants do not deny that the guaranty contract which they admit signing referred to the promissory note to which it is attached, it is obvious that the contract was not void and that the intention of the parties could have been explained by parol evidence. The defect is accordingly amendable, and the motion to set aside the judgment will not lie. "To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Code § 81A-159 (d). This the motion to set aside most emphatically does not do.

*Denial of motion to set aside affirmed. McMurray and Shulman, JJ., concur.*

Argued January 8, 1979 — Decided February 1, 1979.

*Grizzard, Simons & Martin, Eugene R. Simons,* for appellants.

*Parker & Ferguson, John Tye Ferguson,* for appellee.