A92A2204. AVEC CORPORATION v. SCHMIDT et al.
(427 SE2d 850)

COOPER, Judge.

This appeal arises out of a commercial lease agreement entered into between Ayers Enterprises, Inc. and Schmidt Enterprises, Inc. ("Schmidt Enterprises"), whereby Schmidt Enterprises agreed to rent space in a shopping center for the operation of an art gallery. The lease was executed for Schmidt Enterprises by appellee Dennis Schmidt as President and appellee Joann Schmidt as Secretary and was dated February 10, 1986. The shopping center was subsequently purchased from Ayers by appellant, and when Schmidt Enterprises failed to make rental payments due under the agreement, appellant sued Schmidt Enterprises to recover the outstanding rental indebtedness. It also sued Dennis and Joann Schmidt individually, alleging that they were personally liable pursuant to a guaranty executed on February 7, 1986, which covered any indebtedness due under the lease agreement. Following cross-motions for summary judgment, the trial court entered judgment in favor of appellant against Schmidt Enterprises but denied appellant's motion as to the Schmidts. The

trial court also denied Schmidt Enterprises' and the Schmidts' motion for summary judgment against appellant. The case proceeded to trial on the sole issue of whether the Schmidts, appellees herein, were liable for the lease indebtedness under the guaranty. At the conclusion of appellant's case, the trial court directed a verdict in favor of appellees. On appeal, appellant contends that the trial court erred in granting appellees' motion for directed verdict.

"A directed verdict is proper when 'there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . . .' OCGA § 9-11-50 (a). 'On appeal from an order directing a verdict, the question before this court is whether the evidence was without conflict as it pertains to the material issues in the case and, thus, when viewed in a light most favorable to the losing party, demanded the verdict ordered.' [Cit.]" *Lester v. Bird*, 200 Ga. App. 335, 337 (1) (408 SE2d 147) (1991). It is undisputed that the lease agreement executed by the parties was dated February 10, 1986, but the guaranty executed by appellees was dated February 7, 1986 and referred to "the lease between them dated hereof." It is also undisputed that the guaranty refers to the events of default as listed in paragraph 34 of the lease agreement, but paragraph 34 of the lease agreement speaks of "quiet enjoyment." Appellant's leasing agent testified that the procedure for leasing space to a new tenant was to first have the tenant sign a guaranty and an undated lease agreement. The lease was then presented to the landlord who dated the lease and signed it. The agent explained that the reason for the different dates on the guaranty and the lease agreement was due to the fact that February 7, 1986 was on a Friday and the lease was not presented to the landlord until the following Monday. The agent further explained that the reference to paragraph 34 in the guaranty was a typographical error. Appellant also introduced two estoppel certificates executed by appellees in conjunction with the sale of the shopping center, including the leased premises, to appellant. The estoppel certificates refer to the lease dated February 10, 1986 and to appellees as guarantors.

"OCGA § 10-7-3 states '(t)he contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation.' OCGA § 10-7-1 provides that there shall be no distinction between contracts of suretyship and guaranty. OCGA § 10-7-3 was interpreted in *Johns v. Leaseway of Ga.*, 166 Ga. App. 472 (304 SE2d 555) (1983) in which this court held ' " ' "A contract of suretyship must be strictly construed in the interest of the surety.' (Cit.) A surety's liability will not be extended beyond by implication or interpretation. (Cits.) 'The undertaking of a surety being stricti-juris, he cannot, in law or equity, be bound further than the very terms of his contract.' (Cits.)" [Cit.]' ' "There is no construction required or

even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation. (Cit.)" (Cit.)' (Indention omitted.) [Cit.]" *Stone v. Palm Pool Prods., Ltd.*, 198 Ga. App. 751, 752 (403 SE2d 69) (1991). Although the parties may have intended for the guaranty and lease agreement to be executed the same day and for appellees to guaranty the lease agreement executed on February 10, the fact remains that the documents have different dates and do not otherwise reflect that intent. To conclude that the guaranty applies to the February 10, 1986 lease agreement would effectively extend appellees' liability by implication, and this we are prohibited from doing. See *Peara v. Atlanta Newspapers*, 120 Ga. App. 163 (169 SE2d 670) (1969). The guaranty being clear and unambiguous, no construction was necessary and the trial court did not err in directing a verdict in favor of appellees. *Johns v. Leaseway of Ga.*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 17, 1993.

*Nelson, Mullins, Riley & Scarborough, John L. Latham, Scott K. Tippett,* for appellant.
*Fraser & Bussart, James C. Bussart,* for appellees.