### A94A2483. PARKER v. GEORGIA RECEIVABLES, INC.
(451 SE2d 538)

BLACKBURN, Judge.

Appellant, Kenneth A. Parker, appeals the order of the trial court granting appellee, Georgia Receivables, Inc.'s motion for summary judgment in a suit for breach of Parker's personal guaranty of an automobile lease.

On May 26, 1989, Parker, as president of Advanced Personnel, a Georgia corporation, entered into a vehicle lease agreement with Robinson Leasing, Inc. whereby Advanced Personnel agreed to lease it a 1989 Cadillac El Dorado for $22,096.44. Immediately after executing the lease agreement, Parker executed an unconditional guaranty of payment in the amount of $22,096.44, personally guaranteeing the payment of the note on the lease agreement. The lease was then assigned to the Fulton Federal Savings & Loan Association (Fulton Federal), as it had financed the lease. On November 16, 1990, the Georgia Bureau of Investigation seized the vehicle in connection with an illegal gambling operation. As a result, Fulton Federal terminated Parker as in default of the lease pursuant to Paragraph 16 thereof and sold the vehicle at auction for $15,100. With the failure of Fulton Federal, the lease was further assigned to Georgia Receivables from the Resolution Trust Corporation. Georgia Receivables, in turn, brought suit below upon Parker's refusal to pay its alleged net loss of $4,406.53 on the lease as guarantor.

In a single enumeration of error, Parker asserts that the trial court erred in granting the motion for summary judgment in that "there were genuine issues of material fact from the evidence, pleadings and record before it which did not entitle the moving party to a judgment as a matter of law." He further contends that jury questions

exist as to whether the lease agreement was properly terminated; whether Georgia Receivables was a proper assignee of the lease; whether Parker was individually liable incident to the guaranty agreement, and, if so, in what amount.

Paragraph 19 of the lease agreement pertinently provides that "I agree that I will use or permit the use of the Vehicle only for lawful purposes . . . and in no event shall I use or permit the Vehicle to be used in violation of any federal, state or municipal statutes, laws, ordinances, rules, or regulations applicable to the operation of the Vehicle and [,] . . . *[i]f the Vehicle is confiscated for any purpose by any political or governmental agency, for any reason, I agree to reimburse you, at your election, the fair market value of the Vehicle at the time of confiscation.*" (Emphasis supplied.) It is uncontroverted in the record that the leased vehicle was seized by the Georgia Bureau of Investigation in connection with a gambling sting operation while being driven by an employee of Advanced Personnel. Paragraph 16 authorized termination for default based on the failure to "comply with any and all terms and conditions of [the] Lease Agreement." Inasmuch as the vehicle was confiscated by a governmental agency, Parker was properly terminated for default under the express terms of the lease, subjecting him to repossession and the payment of all costs and expenses incurred by the lessor as a result. Where the parties have reduced to writing what appears to be a complete and certain agreement, the law concludes that the writing contains the entire contract. *Andrews v. Skinner*, 158 Ga. App. 229, 231 (279 SE2d 523) (1981). Further, if, as here, the terms are clear and unambiguous, no construction thereof is necessary or proper. *Reahard v. Ivester*, 188 Ga. App. 17, 19 (371 SE2d 905) (1988).

That Georgia Receivables was the real party in interest to the lease was fully demonstrated in the record; however, we conclude that a genuine issue of material fact remains as to whether the guaranty agreement executed by Parker made him personally liable. In this regard, Parker, citing *Avec Corp. v. Schmidt*, 207 Ga. App. 374, 376 (427 SE2d 850) (1993), contends that it is here impermissible to extend liability to him as a guarantor because such a result would require this court to construe his personal guaranty of the automobile lease by implication or interpretation. We agree.

In *Avec*, we declined to extend the guarantor's liability on the ground that the lease and the guaranty were executed on different dates requiring that liability be extended by implication if the guaranty were interpreted as applicable to the earlier lease. Id. While the lease agreement and the guaranty before us were executed on the same day, it is unclear that they refer to the same subject matter. In this regard, the guaranty, on its face, purports to promise the payment of a note numbered, VIN 1G6EL1159KU621409, in exchange

for a loan, rather than payment of amounts owing on an automobile lease pertaining to a vehicle having an identical vehicle identification number. In sum, to find Parker's guaranty as applicable to his lease agreement with Georgia Receivables would require construction by implication or interpretation. The law of guaranty does not allow us that discretion.

Likewise we find that a genuine issue of material fact is in issue with respect to damages. By its motion for summary judgment Georgia Receivables contends that Parker originally owed it $25,850 plus a dealer markup of $675.79 in calculating its damages to be $4,406.53. Yet, the lease agreement and Parker's alleged personal guaranty thereon indicate that such damages should have been calculated on an original figure of $22,096.44, the total amount Parker potentially owed. Summary adjudication of a contract action is only appropriate where the terms of the contract are plain and unambiguous. *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 165 (407 SE2d 64) (1991). Inasmuch as the intention of the parties is not clear, the trial court erred in granting summary judgment to appellee. See *American Honda Motor Co. v. Williams & Assoc.*, 208 Ga. App. 636, 644 (5) (431 SE2d 437) (1993).

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 13, 1994.

*Daniel F. Byrne,* for appellant.

*Frederick J. Hanna & Associates, Frederick J. Hanna, Elizabeth C. Whealler,* for appellee.