A95A2678, A95A2679. ARNOLD v. INDCON, L.P.;
and vice versa.
(466 SE2d 684)

BLACKBURN, Judge.

In Case No. A95A2678, H. Ross Arnold appeals the trial court's order granting summary judgment to Indcon, L.P., the plaintiff in the underlying action on a guaranty. In Case No. A95A2679, Indcon contends the trial court made factual errors in its order granting summary judgment.

On November 2, 1993, Arnold executed a document titled Lease Agreement Exhibit C Guaranty of Lease. On November 3, 1993, Indcon, as landlord, and Millwork Brokers, Inc., as tenant, executed a commercial lease for certain office and warehouse space located in Fulton County. Indcon and Millwork Brokers also initialed the Lease Agreement Exhibit C Guaranty of Lease document. Thereafter, Millwork Brokers defaulted, and Indcon demanded payment from Arnold pursuant to the terms of the guaranty. Arnold failed to make payment and this suit followed.

*Case No. A95A2678*

1. On appeal, Arnold contends the guaranty is unenforceable because it is vague and indefinite. Pursuant to OCGA § 10-7-1, contracts of suretyship and guaranty are indistinguishable. OCGA § 10-7-3 provides that contracts of suretyship are subject to strict law; and the surety's liability will not be extended by implication or interpretation. "OCGA § 10-7-3 was interpreted in *Johns v. Leaseway of Ga.*, 166 Ga. App. 472 (304 SE2d 555) (1983) in which this court held [that a] contract of suretyship must be strictly construed in the interest of the surety. A surety's liability will not be extended beyond by implication or interpretation. The undertaking of a surety being stricti-juris, he cannot, in law or equity, be bound further than the very terms of his contract. There is no construction required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation." (Citations and punctuation omitted.) *Avec Corp. v. Schmidt*, 207 Ga. App. 374, 375-376 (427 SE2d 850) (1993).

In the present case, the guaranty refers to the lease between Indcon and Millwork Brokers by its reference as Exhibit C to the lease agreement and the tenant's and landlord's initials at the bottom. Arnold avers that when he signed the guaranty it was not attached to any other documents. Even if we found that this fact created an ambiguity as to which lease the guaranty applied, the intention of the parties is not in question because during his deposition, Arnold admitted that when he signed the guaranty, he was guaranteeing the

portion of the lease regarding the tenant's repayment of funds advanced by the landlord for improvements. Furthermore, the guaranty specifically delineated that Arnold guaranteed to the landlord the full and prompt payment of the tenant improvement amount as contemplated by paragraph 31 of the lease.

Our previous holdings in *Parker v. Ga. Receivables*, 215 Ga. App. 624 (451 SE2d 538) (1994) (guaranty and lease referred to different subject matter); *Avec Corp.*, supra (guaranty referred to lease dated on specific day which was not the date of the lease in question); and *Stone v. Palm Pool Prod.*, 198 Ga. App. 751 (403 SE2d 69) (1991) (guaranty and line of credit referred to different companies) are factually distinguishable because the guaranties therein specifically referenced factors that conflicted with the corresponding contract agreements. In the present case, the guaranty does not conflict with the lease agreement, and as an exhibit thereto is unambiguous.

2. Arnold contends that Indcon was not damaged by Millwork Brokers' default because Indcon benefitted from the improvements and Indcon's subsequent lease of the premises to MODE Group, Inc. was more beneficial than the Millwork Brokers' lease. This argument is without merit because the guaranty unconditionally guaranteed repayment of the landlord's contribution to the tenant's improvements. Therefore, as Indcon established the existence of the lease, the guaranty, and default, Indcon was entitled to recover on the guaranty. Cf. *English Restaurant v. A. R. II, Inc.*, 194 Ga. App. 639 (1) (391 SE2d 462) (1990).

## Case No. A95A2679

3. In its cross-appeal, Indcon contends the trial court made a factual error in either the computation of damages or the date to which the damages accrued. Our review of the record indicates that Indcon is correct. The record clearly shows that the amount due and owing Indcon as of April 19, 1995, the date of the judgment, was $40,495. Therefore, this case is remanded to the trial court with direction that it correct its finding as to the amount of damages. See *Lester v. Bird*, 200 Ga. App. 335 (2) (408 SE2d 147) (1991).

*Judgment affirmed and case remanded. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 9, 1996 —

*Wagner & Johnston, Ralph A. Jordan, Benjamin C. Abney*, for appellant.

*Holt, Ney, Zatcoff & Wasserman, Stephen C. Greenberg*, for appellee.