A97A1028. TOWN CENTER ASSOCIATES v. WORKMAN et al.
(487 SE2d 624)

Judge Harold R. Banke.

Town Center Associates ("Town Center") appeals the grant of

---

56

summary judgment to Howard Workman and Barbara Dooley and also the denial of its own motion for summary judgment.

The salient facts are undisputed. Town Center filed an action on a written guaranty against Workman, Dooley and Donna Meyer, the three signatories on the guaranty at issue after its shopping center tenant, Bagel Express Town Center, Inc. d/b/a Bagel Break, defaulted under the terms of a lease.[1] In the guaranty agreement, Workman, Dooley, and Meyer, the guarantors, covenanted and agreed "that if default shall at any time be made by Tenant [Bagel Express Town Center] in the payment of the rent or the performance of the covenants contained within the Lease on Tenant's part to be paid or performed, the undersigned will well and truly pay the said rent or any arrears thereof that may remain due onto Landlord [Town Center]. . . ." The guaranty provided for joint and several liability among the guarantors but capped that liability at $22,967. It also stated, "WHEREAS, Landlord has leased to BAGEL EXPRESS TOWN CENTER, INC., ('Tenant') certain space, ('the Premises') located in 425 Ernest Barrett Parkway, Suite C-4, Kennesaw, Georgia 30144. Pursuant to that certain Lease by and between Landlord and Tenant dated as of _____, 19__ ('the Lease')."

Although the dates of the guaranty and that of the lease were left blank, it is undisputed that Workman, Dooley and Meyer signed the guaranty on November 30, 1994. On the same day, Honey C. Workman, the president of Bagel Express Town Center, Inc. ("Bagel Express") signed the lease between Bagel Express and Town Center.[2] However, Town Center's representative did not sign the lease until nearly two weeks later on December 13, 1994. The record discloses that appellant Howard Workman acted as the real estate agent on the leasing transaction and earned a commission from Town Center.

This lease between Town Center and Bagel Express expressly referred to and incorporated into itself the guaranty signed by Workman and Dooley as Exhibit "F." Thus, the guaranty was not only incorporated by reference into the lease but was also physically attached to the lease. Both the guaranty at issue and the lease between Town Center and Bagel Express describe the leased premises as being located at "425 Ernest Barrett Parkway, Suite C-4, Kennesaw, Georgia 30144." It is not controverted that the leasing agreement dated December 13, 1994, was the only lease which Town Center ever entered into with Bagel Express. The only inconsistency between the guaranty and the lease is that the guaranty incorrectly

---

[1] Meyer is not a party to this appeal.

[2] Honey C. Workman and appellant Howard B. Workman share the same Atlanta business address.

indicated that the creation of the lease preceded the creation of the guaranty.

Workman and Dooley successfully argued below that because the second "whereas" clause stated that the landlord (Town Center) "has leased" the premises to Bagel Express, and because Town Center did not sign the lease until nearly two weeks after they signed the guaranty, they had no liability to Town Center as a matter of law. The trial court agreed and found that the guaranty at issue had no application to the lease subsequently entered. On this basis, the court found for Workman and Dooley. *Held*:

1. Town Center contends that the trial court erred in granting summary judgment to Workman and Dooley. We agree. As a matter of contract law, incorporation by reference is generally effective to accomplish its intended purpose where the provision to which reference is made has a reasonably clear and ascertainable meaning. *Binswanger Glass Co. v. Beers Constr. Co.*, 141 Ga. App. 715, 717 (2) (234 SE2d 363) (1977). By its express terms, the lease specifically incorporated the guaranty at issue, denoting it as Exhibit "F" and providing that it be "incorporated by reference as part of the lease." Similarly, the guaranty at issue cross-referenced a lease between Town Center and Bagel Express. See *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 482 (1) (445 SE2d 297) (1994) (court must construe documents as a whole where they reference each other). As the undisputed testimony showed that the only lease ever entered into between Town Center and Bagel Express was the one fully executed on December 13, 1994, there was no other lease to which the guaranty could have applied.

"The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3. "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." OCGA § 13-2-2 (4). Thus, the guaranty needed to be interpreted in tandem with the lease. Otherwise, the guaranty, standing alone, was meaningless and served to guarantee nothing.

The guaranty by its plain terms makes clear that the contractual intent of Workman and Dooley was to guarantee, inter alia, the payment of Bagel Express' rent to Town Center. See *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. 389, 390 (1) (367 SE2d 278) (1988). It is undisputed that both Workman and Dooley executed the guaranty at issue as they admitted in answering Town Center's complaint. In her responsive pleading, Dooley admitted, "[I] undertook to guarantee any rent lawfully owed the Plaintiff [Town Center], not simply 'any

rent' as alleged in the Complaint." Thus, by her own admission, Dooley by executing the document at issue intended to guarantee Bagel Express' rent payments under the lease.

A contract of guaranty is primarily one to pay the debt of another which may be due and payable by the principal debtor to the creditor upon default. *Hartsfield Co. v. Shoaf*, 184 Ga. 378, 380 (191 SE 693) (1937). In construing guaranties, " 'they are to be taken as strongly against the party giving the guarantee, as the sense of them will admit.' [Cit.]" *Escambia Chem. Corp. v. Rocker*, 124 Ga. App. 434, 441 (184 SE2d 31) (1971). Thus, as a general rule, "[i]f the construction is doubtful, that which goes most strongly against the party . . . undertaking the obligation is generally to be preferred." OCGA § 13-2-2 (5). See *Polk v. Slaton*, 54 Ga. App. 328, 329 (187 SE 846) (1936).

Despite the misuse of the verb "has leased" the guaranty agreement clearly indicates that the intent of the three individuals was to guarantee the rent payments by Bagel Express under its lease with Town Center. See *Tucker Station v. Chalet I, Inc.*, 203 Ga. App. 383, 385 (2) (417 SE2d 40) (1992) (trial court could correct obvious error and interpret contract accordingly). Construing the provision against Workman and Dooley, the parties undertaking the obligation, we find the only reasonable interpretation of the terms of the guaranty is that it was intended to apply to the terms of the only lease ever executed between Bagel Express and Town Center. See *Enterprise Fin. Corp. v. Ross White Enterprises*, 212 Ga. App. 318, 320 (1) (441 SE2d 805) (1994); *Rocker*, 124 Ga. App. at 441.

Notwithstanding Workman and Dooley's contention to the contrary, *Avec Corp. v. Schmidt*, 207 Ga. App. 374 (427 SE2d 850) (1993), neither demands nor authorizes a different result. *Schmidt* is factually distinguishable despite having superficial similarities. *Schmidt* also concerned a problem with a guaranty referring to a lease as having been executed when, in fact, no lease had yet been executed. *Schmidt*, 207 Ga. App. at 375. However, that guaranty referred to a lease dated on a specific day which was not the date of the lease in question. Id. Moreover, in *Schmidt*, the guaranty and lease were internally inconsistent with each other. Whereas the guaranty in *Schmidt* referred to "the events of default in paragraph 34" of the lease agreement, paragraph 34 of the lease concerned "quiet enjoyment." Id. Further, unlike here, the evidence in *Schmidt* failed to show that the terms of the guaranty were incorporated by reference into the lease.

Inasmuch as the guaranty at issue here was legal and binding, it follows that the trial court erred in granting summary judgment to Workman and Dooley.

2. Based on the analysis in Division 1, we find that Town Center was entitled to summary judgment as a matter of law.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 30, 1997 —
RECONSIDERATIONS DENIED JUNE 25, 1997 — 

*Kitchens, Kelley & Gaynes, Mark A. Kelley,* for appellant.
*Cook, Noell, Tolley & Wiggins, Edward D. Tolley, Ronald E. Houser, Small, White & Marani, Gus H. Small, Jr., William J. Reedy, Adam E. Aronin,* for appellees.