A99A1333. COHEN v. SANDY SPRINGS CROSSING ASSOCIATES, L.P.
(520 SE2d 17)

Judge Harold R. Banke.

Sandy Springs Crossing Associates, L.P. ("Sandy Springs"), the owner of Sandy Springs Crossing Shopping Center, brought this action against Murray Cohen to enforce his obligations under a lease guaranty. Cohen appeals the trial court's grant of Sandy Springs' motion for summary judgment and its denial of summary judgment to him.

Cohen's son owned Metabolic Nutritions, Inc., which opened a nutritional products store in the shopping center. Cohen agreed to guarantee Metabolic's payment of rent. On August 15, 1994, Sandy Springs faxed the guaranty to Cohen in Florida. Cohen signed the guaranty and then faxed the document back to Sandy Springs. In blank spaces provided for the dates of both the guaranty and lease, Cohen wrote August 15, 1994.

Although the lease was not executed until September 1, 1994, it is undisputed that such lease is the only lease ever executed by Metabolic and Sandy Springs. In his deposition, Cohen admitted that the September 1 lease was the one he intended to guarantee and that, after executing the guaranty, he recognized his obligations thereunder by curing Metabolic's default in numerous monthly rental payments. *Held*:

In primary reliance on *Avec Corp. v. Schmidt*, 207 Ga. App. 374 (427 SE2d 850) (1993), Cohen maintains that Georgia law nonetheless prohibits Sandy Springs from holding him liable for obligations

of a lease executed on a date different from that of the lease referred to in the guaranty.

The defendants in *Avec Corp.* guaranteed the lease of property in a shopping center acquired by the plaintiff, but the guaranty referred to a lease executed on February 7, 1986, while the lease which was the subject of the action was executed on February 10, 1986; moreover, the guaranty and February 10 lease were internally inconsistent. We concluded that application of the guaranty to the February 10 lease would constitute an extension of it by implication or interpretation in violation of OCGA §§ 10-7-1 and 10-7-3. See also *Parker v. Ga. Receivables*, 215 Ga. App. 624 (451 SE2d 538) (1994).

But in *Town Center Assoc. v. Workman*, 227 Ga. App. 55 (487 SE2d 624) (1997), relied on by Sandy Springs, a guaranty was held applicable to a lease notwithstanding discrepancies in the guaranty's reference to the date the lease was executed. *Workman* was an action against various individuals who had guaranteed a shopping center lease. The guaranty did not specify the date of the lease, but contained a "whereas" clause which referred to the lease as having been executed before the guaranty. In fact, the guaranty was executed on November 30, 1994, and the lease was not fully executed until December 13, 1994. However, the guaranty was incorporated by reference and physically attached to the lease, both documents contained the same description of the leased premises, one of the guarantors admitted that by executing the November 30 guaranty she intended to guarantee rent payments under the December 13 lease, and it was undisputed that the December 13 lease was the only lease ever executed between the landlord and tenant. Noting that there was no lease to which the guaranty could apply other than the one executed on December 13, we held that the only reasonable interpretation of the guaranty was that it was intended to apply to that lease. Id. at 58 (1); see also *Senske v. Harris Trust &c. Bank*, 233 Ga. App. 407, 410 (1) (504 SE2d 272) (1998).

Similarly, in *Arnold v. Indcon, L.P.*, 219 Ga. App. 813-814 (1) (466 SE2d 684) (1996), we found that even if an ambiguity was created by the fact that a guaranty incorrectly referred to a lease as an exhibit, the intention of the parties was not in question because during his deposition the guarantor admitted that his intent was to guarantee the lease at issue.

In this case, as in *Arnold* and *Workman*, the guarantor admitted that he intended to guarantee the lease sued on. And as in *Workman*, the undisputed testimony showed that this was the only lease ever entered into between the landlord and tenant. Moreover, the guarantor recognized his obligations under the lease by curing the tenant's defaults in lease payments, and "[t]he construction placed upon a contract by the parties thereto, as shown by their acts and conduct, is

entitled to much weight and may be conclusive upon them. [Cits.]" *Scruggs v. Purvis*, 218 Ga. 40, 42 (126 SE2d 208) (1962).

The only inconsistency between the guaranty and lease concerned the date of the lease as provided by handwritten insertion of the guarantor. Contrary to arguments advanced by Cohen, the trial court properly considered parol evidence showing that in executing the guaranty Cohen mistakenly inserted the wrong date for the lease. *Azar v. Fulton County Employees Pension Bd.*, 148 Ga. App. 865, 866 (253 SE2d 251) (1979); compare *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460 (489 SE2d 568) (1997). The court did not err in its disposition of the parties' cross-motions for summary judgment.

Sandy Springs' motion for damages under OCGA § 5-6-6 is denied, as we do not find that this was a frivolous appeal taken for delay only. *Starrett v. Commercial Bank of Ga.*, 226 Ga. App. 598, 601 (3) (486 SE2d 923) (1997).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 25, 1999 — CERT. APPLIED FOR.

*Dreger & McClelland, Richard J. Dreger, Nicholas J. Pieschel*, for appellant.

*Kitchens, Kelley & Gaynes, David B. Kitchens, Mark A. Kelley*, for appellee.