## A02A1594. SHAH v. TACO DEL SUR, INC.
### (570 SE2d 654)

PHIPPS, Judge.

Navin Shah, defendant below, appeals from the grant of summary judgment to plaintiff Taco del Sur, Inc. in its action to enforce Shah's guaranty obligation on a sublease. The trial court granted summary judgment to Taco del Sur, rejecting Shah's argument that Taco del Sur failed to provide him with adequate notice of default on the sublease. We affirm.

In 1992, Taco del Sur subleased premises to Mahavir Corporation, and Shah guaranteed the performance of Mahavir's obligations under the sublease. In 1998, Taco del Sur sued Mahavir for possession of the premises, and in September of that year those parties entered into a consent order under which Mahavir agreed to vacate the premises and Taco del Sur was entitled to a money judgment against Mahavir. In 2000, Taco del Sur sued Shah on his guaranty. Both parties moved for summary judgment, and the court granted Taco del Sur's motion and denied Shah's motion.

Shah's guaranty provided that he "shall concurrently receive a copy of any written notices of default . . . which may be sent to [Mahavir]." Shah stipulated that he signed a certified mail return receipt for, and that Mahavir received, a notice of default dated May 7, 1998, written on behalf of Taco del Sur and addressed to "Mr. Navin M. Shah, Registered Agent/Mahavir Corporation/[address]." Shah has not disputed Taco del Sur's claim, both below and here, that he was the registered agent for Mahavir. For its part, Taco del Sur does not dispute that it failed to send, concurrently or otherwise, a separate copy of this notice of default to Shah as guarantor.

1. Shah notes that OCGA § 10-7-3 provides that "[t]he contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation." He also points out that OCGA § 10-7-1 provides, in part, that "[t]here shall be no distinction between contracts of suretyship and guaranty." He thus argues that "[d]espite any seeming redundancy," the court should not have granted summary judgment to Taco del Sur because it failed to send him concurrently copies of the notices it sent to Mahavir. He cites no authority involving any analogous factual situation, however.

*Cohen v. Sandy Springs Crossing Assoc.*[1] involved, like this case, an action on a guaranty of a lease. There, in completing the guaranty form, the guarantor mistakenly filled in blanks for the dates of the lease and the guaranty with the current date even though the lease was not executed until two weeks later. The guarantor claimed that

---

[1] 238 Ga. App. 711 (520 SE2d 17) (1999).

the discrepancy in dates relieved him of any obligation under the guaranty.[2] We affirmed the grant of summary judgment against him, noting that "the guarantor admitted that he intended to guarantee the lease sued on."[3] Similarly, here Shah admitted that he guaranteed the sublease sued on.

In *Cohen*, we also noted that "[t]he only inconsistency between the guaranty and lease concerned the date of the lease," holding that "the trial court properly considered parol evidence showing that in executing the guaranty [the guarantor] mistakenly inserted the wrong date for the lease."[4] Likewise, here Shah relies entirely on the fact that, although he received a notice of default addressed to him as registered agent of Mahavir, Taco del Sur failed to send him, as guarantor, a separate copy of that notice.[5]

Additionally, Shah fails to identify any actual harm he sustained by Taco del Sur's failure to send him, as guarantor, a copy of the notice it sent him as registered agent for Mahavir. In *Smith v. Hendrix*,[6] we noted that "when the forfeiture of a lease depends upon giving a written notice of breach, it must appear that such notice was given in *strict compliance* with the terms of the lease."[7] Nonetheless, after noting that "[t]he manifest purpose of the . . . regulations [regarding notice] is to afford procedural due process,"[8] we held that "appellant must . . . show that [any] noncompliance [with the regulations] has harmed her. . . . This court . . . corrects only such errors as have practically wronged the complaining party."[9]

2. Shah also claims that Taco del Sur's "failure to strictly adhere to the provisions of the guaranty increased [Shah's] risk and liability under the agreement." He thus contends his guaranty obligation was discharged under OCGA § 10-7-22, which provides that "[a]ny act of the creditor . . . which . . . increases [the surety's (or guarantor's — OCGA § 10-7-1)] risk or exposes him to greater liability shall discharge him. . . ." Shah fails, however, to identify any such increased risk or liability, and we perceive none.

3. Finally, Shah contends that "the guaranty contained an unsatisfied condition precedent" — i.e., the notice provision. He relies on the portion of OCGA § 13-3-4 providing that "[a] condition prec-

---

[2] We noted that the guarantor relied primarily on *Avec Corp. v. Schmidt*, 207 Ga. App. 374 (427 SE2d 850) (1993), and in that case we relied on OCGA § 10-7-3. Id. at 375.

[3] *Cohen*, supra, 238 Ga. App. at 712.

[4] Id. at 713.

[5] See *Reeves v. Habersham Bank*, 254 Ga. 615, 623-624 (6) (331 SE2d 589) (1985) (notice sent to parties because of one status effective to give notice in different status where purpose of notification in latter status satisfied).

[6] 162 Ga. App. 299, 301-303 (2) (290 SE2d 504) (1982).

[7] (Citation omitted; emphasis supplied.) Id. at 301.

[8] Id. at 302.

[9] (Citation and punctuation omitted.) Id.

edent must be performed before the contract becomes absolute and obligatory upon the other party." As we held in Division 1, however, that the condition *was* performed (because the notice was effective as to Shah as guarantor), this contention is likewise without merit.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 29, 2002.

*William A. Wehunt*, for appellant.

*Arnall, Golden & Gregory, James A. Gober, Henry R. Chalmers, Andrew B. Flake*, for appellee.