## A05A0563. McDONALD et al. v. FERGUSON ENTERPRISES, INC.
### (618 SE2d 45)

BERNES, Judge.

Ferguson Enterprises, Inc. ("FEI") filed a complaint against Arthur McDonald and Debra Dunn alleging that they were liable under a personal guaranty agreement for "all sums owed by Dunn Plumbing" on an open account for construction materials. The alleged guaranty agreement was attached to and incorporated into the complaint as part of a multi-page credit application. McDonald and Dunn answered, asserted counterclaims, and moved to dismiss, alleging that FEI's complaint was barred by the Statute of Frauds because the guaranty failed to identify the principal debtor. See OCGA § 13-5-30 (2) (A promise to answer for the debt of another must be in writing and signed by the party charged therewith.).

McDonald and Dunn appeal the trial court's denial of their motion to dismiss and the trial court's grant of summary judgment to FEI on the claims alleged in its complaint. McDonald also appeals the trial court's grant of summary judgment to FEI on his counterclaim.[1] Because we find the guaranty failed to sufficiently identify the principal debtor, we reverse the trial court's denial of McDonald and Dunn's motion to dismiss and the trial court's grant of summary judgment to FEI on its claims. However, we affirm the trial court's grant of summary judgment to FEI on McDonald's counterclaim.

1. FEI concedes that the personal guaranty does not identify the principal debtor by name, but nevertheless argues that the identity of the principal debtor is obvious in that the guaranty states that FEI is extending credit on behalf of the "entity applying for credit above ('Applicant')." However, the record reveals no entity is identified elsewhere in the application as the "Applicant" or the "entity."[2]

> [W]here a guaranty omits the name of the principal debtor, it is unenforceable as a matter of law. *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982) (failure of a document to state the identity of the entity whom [the] guarantor agreed to indemnify is fatal). See *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420

---

[1] The trial court granted only partial summary judgment as to McDonald. It found a genuine issue of material fact existed as to whether McDonald executed the guaranty.

[2] While FEI correctly indicates that the "Terms Section" of the credit application immediately above the personal guaranty section identifies the applicant for credit as the "undersigned applicant," the two undersigned signatories are identified as "Witness" and "Owner/Officer." It appears that "Bradley Dunn" signed as Owner/Officer. No "entity" is identified as the "Applicant."

SE2d 756) (1992)[;] *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259, 260 (411 SE2d 87) (1991). . . . [T]he agreement is not enforceable because it fails to satisfy the statute of frauds.

*Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 461 (489 SE2d 568) (1997); *Fontaine v. Gordon Contractors Supply Co.*, 255 Ga. App. 839, 839-840 (567 SE2d 324) (2002). This is true "[e]ven where the intent of the parties is manifestly obvious. . . ." *Sysco Food Svcs. v. Coleman*, supra. "[T]his Court is not authorized to determine the identity of the principal debtor by inference as this would entail consideration of parol evidence. Neither may we construe the defect sub judice as in the nature of contractual ambiguity." (Citation omitted.) *Roden Electrical Supply v. Faulkner*, 240 Ga. App. 556, 557 (1) (524 SE2d 247) (1999). Parol evidence is inadmissible to describe what is totally omitted. *Builder's Supply Corp. v. Taylor*, supra at 128.[3]

Accordingly, we conclude that the trial court erred in denying McDonald and Dunn's motion to dismiss and in granting FEI summary judgment on its claims. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). See also *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. McDonald claims the trial court erred in granting summary judgment on his counterclaim because the "Plaintiff failed to segregate the accounts by the job" and because the "Plaintiff gathered information from . . . McDonald . . . to collect the alleged debt without the required notices. . . ." However, McDonald fails to cite any authority imposing a duty on the plaintiff to "segregate the accounts" or to any authority imposing a duty on the plaintiff to give notice prior to gathering information from McDonald.[4] In light of McDonald's failure to state a cognizable claim, the trial court did not err in granting FEI's motion for summary judgment on McDonald's counterclaim.

---

[3] In *Roden Electrical Supply v. Faulkner*, supra, we held the personal guaranty was unenforceable because it failed to identify the principal debtor. There, as in the instant case, the personal guaranty was part of a multi-page credit application. The personal guaranty section of the application identified the principal debtor as the "above business," yet no entity was identified in the credit application as "the business." The entity alleged by the plaintiff to be the principal debtor was only referenced in the application as the "billable party." Similarly, in this case, while the principal debtor is identified as the "Applicant," no entity is identified as the "Applicant." And again, as in *Roden Electrical Supply v. Faulkner*, supra, Dunn Plumbing, the entity alleged to be the principal debtor, is referenced only in the section of the credit application entitled "Billing/Shipping Information."

[4] FEI suggested that McDonald may have been attempting to raise a claim pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692 et seq. and correctly notes the Act does not apply to the facts of this case because the amounts owed do not involve consumer debt. See 15 USC § 1692a (5).

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 29, 2005 —
RECONSIDERATION DENIED JULY 20, 2005 —

*Phillips & Kitchings, Richard Phillips, Joseph C. Kitchings,* for appellants.

*McCorkle, Pedigo & Johnson, David H. Johnson, Mathew M. McCoy,* for appellee.