A07A1832. C.L.D.F., INC. et al. v. THE ARAMORE, LLC.
(659 SE2d 695)

BERNES, Judge.

In this breach of contract action, Rickey Fuqua, as guarantor of a commercial lease, appeals the trial court's grant of summary judgment to appellee The Aramore, LLC, owner of the subject retail space, and denial of summary judgment to himself. We find no error and affirm.

---

We review de novo an order granting summary judgment. *Highwoods Realty v. Community Loans of America*, 288 Ga. App. 226 (653 SE2d 807) (2007). We will affirm only if there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. See OCGA § 9-11-56 (c).

The salient facts here are undisputed. On August 12, 2004, Aramore entered into a five-year commercial lease agreement (the "Lease") with C.L.D.F., Inc. ("CLDF"), in which CLDF agreed to lease space in the Aramore building for the operation of a specialty ice cream shop. The Lease had originally been prepared as between Aramore as landlord and Heavenly Ventures, LLC, a corporation in which Fuqua held a 49 percent ownership interest, as tenant. At the time of the signing of the Lease, Fuqua requested that the name of the tenant be changed from Heavenly Ventures to CLDF, a corporation in which Fuqua was the sole director and shareholder. Consequently, every reference to "Heavenly Ventures, LLC" in the Lease was stricken and "C.L.D.F., Inc." was written in its place. The address of the tenant was also changed to a post office box belonging to Fuqua. While the Lease had originally identified Fuqua and the two remaining shareholders of Heavenly Ventures, Anthony and Dianne Bennett, as guarantors of the Lease, the Bennetts' names were stricken and Fuqua was identified in the Lease as the sole guarantor. Fuqua initialed each change. The Lease was then executed by Fuqua as President and CEO of CLDF.

Also on August 12, 2004, Fuqua executed a "Guaranty of Lease" (the "Guaranty"), which was physically attached as an exhibit to and incorporated as a "fundamental provision[ ]" into the Lease. The Lease provided that the Guaranty signed by Fuqua and attached was "a material inducement for [Aramore] to enter into th[e] Lease." As had been done on the Lease, the names of the remaining shareholders in Heavenly Ventures had been stricken from the Guaranty and the address had been changed to that of Fuqua's post office box. However, the name of the tenant on the Guaranty had not been changed from Heavenly Ventures to CLDF.

CLDF never took occupancy of the premises, and Aramore brought suit against CLDF for breach of the Lease and against Fuqua as guarantor. Both parties moved for summary judgment. Fuqua argued that the Guaranty was unenforceable under the Statute of Frauds because it failed to adequately identify the principal debtor as CLDF, naming instead Heavenly Ventures. The trial court granted summary judgment to Aramore and this appeal ensued.[1]

---

[1] CLDF withdrew its appeal from the trial court's order and judgment.

1. We agree with the trial court that the grant of summary judgment to Aramore was proper. As a matter of contract law, we must consider the Lease and the Guaranty together, as contemporaneous writings, in an effort to derive their intended meaning. OCGA § 24-6-3 (a). See *Duke v. KHD Deutz of America Corp.*, 221 Ga. App. 452, 453 (471 SE2d 537) (1996) ("[C]ontemporaneous written agreements are perhaps one of the surest ways to establish the intent of the parties in entering into each of those agreements.") (citation and punctuation omitted). In so doing, we are mindful that

> [t]he cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction. OCGA § 13-2-3. The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part. OCGA § 13-2-2 (4).

(Punctuation omitted.) *Town Center Assoc. v. Workman*, 227 Ga. App. 55, 57 (1) (487 SE2d 624) (1997). We further note that "[i]n construing guaranties, they are to be taken as strongly against the party giving the guarant[y], as the sense of them will admit." (Citation and punctuation omitted.) Id. at 58 (1).

In this case, the Lease and the Guaranty were executed on the same date, at the same time, and at the same location. The Lease identifies Fuqua as the guarantor and provides that the Guaranty was a "fundamental provision[ ]" that served as a "material inducement for Aramore to enter into th[e] Lease." The Guaranty was physically attached to the Lease and was identified as a "special provision[ ] . . . attached hereto as [an] exhibit and hereby made a part of this Lease." On the Guaranty, the address of the tenant was changed to that of Fuqua's post office box, as it had been on the Lease. Every single page of the Lease and its exhibits, including the Guaranty, bear Fuqua's initials or signature.

Under these circumstances, we have little trouble concluding that the misnomer on the face of the Guaranty naming Heavenly Ventures as the principal debtor does not render that agreement unenforceable. Construed in tandem with the Lease, it is obvious that the parties intended that CLDF replace Heavenly Ventures as the tenant and principal debtor. It was thus not error for the trial court to correct an obvious error and interpret the Guaranty accordingly. See *Duke*, 221 Ga. App. at 453. See also *L. Henry Enterprises v.*

*Verifone, Inc.*, 273 Ga. App. 195, 197-198 (2) (614 SE2d 841) (2005); *Workman*, 227 Ga. App. at 57-58 (1).

The cases upon which Fuqua relies are inapposite. Those cases involve circumstances in which the guaranty agreement omits entirely the name of any specific debtor. See *McDonald v. Ferguson Enterprises*, 274 Ga. App. 526, 526-527 (1) (618 SE2d 45) (2005); *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 461-462 (489 SE2d 568) (1997); *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982). "In an unbroken line of authority, this Court has consistently held that where a guaranty omits the name of the principal debtor, it is unenforceable as a matter of law." (Citations omitted.) *Sysco Food Svcs.*, 227 Ga. App. at 461. In the present case, however, the Guaranty did not omit entirely the name of a debtor, but instead identified the wrong debtor in an obvious error easily corrected when the Lease and Guaranty are construed together. Accordingly, the cases cited by Fuqua are not applicable under the circumstances here.

2. For the reasons set forth in Division 1, the trial court did not err in denying Fuqua's motion for summary judgment.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 13, 2008 — 

*Schreeder, Wheeler & Flint, Bryan M. Knight, Lawrence S. Burnat*, for appellants.

*McLain & Merritt, Albert J. Decusati, Ashley C. Alexander*, for appellee.